# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL VANDERHEIDEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>UBIQUITI NETWORKS, INC., ROBERT J. PERA, KEVIN RADIGAN, CRAIG L. FOSTER and MARK SPRAGG,<br><br>Defendants. | No.: 1:18-cv-01620<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF XIYA QIAN FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL** |
| XIYA QIAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>UBIQUITI NETWORKS, INC., ROBERT J. PERA, KEVIN RADIGAN, CRAIG L. FOSTER AND MARK SPRAGG,<br><br>Defendants. | No.: 1:18-cv-01841 |
| JOHN KHO, Individually and on Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>UBIQUITI NETWORKS, INC., ROBERT J. PERA AND KEVIN RADIGAN,<br><br>Defendants. | No.: 1:18-cv-02242 |

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...............................................................................................1

STATEMENT OF FACTS .........................................................................................................1

ARGUMENT................................................................................................................................3

    A.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES................................................................................................................3

    B.    QIAN SHOULD BE APPOINTED LEAD PLAINTIFF .........................................4

        1.    Qian is Willing to Serve as Class Representative .........................................5

        2.    Qian Has the "Largest Financial Interest" ....................................................6

        3.    Qian Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure.................................................................7

        4.    Qian Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses ...............................................9

    C.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ..................................................................................................................9

CONCLUSION..........................................................................................................................10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*A.F.I.K. Holding SPRL v. Fass*,
   216 F.R.D. 567 (D. N.J. 2003) ................................................................................................6

*Amchem Prods., Inc. v. Windsor*,
   521 U.S. 591 (1997) ................................................................................................................8

*Baby Neal v. Casey*,
   43 F.3d 48 (3d Cir. 1994) ........................................................................................................8

*Bassin v. Decode Genetics, Inc.*,
   230 F.R.D. 313 (S.D.N.Y. 2005) .............................................................................................4

*Beck v. Maximus, Inc.*,
   457 F.3d 291 (3d Cir. 2006) ....................................................................................................8

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
   252 F.R.D. 188 (S.D.N.Y. 2008) .............................................................................................3

*Danis v. USN Communs., Inc.*,
   189 F.R.D. 391 (N.D. Ill. 1999) ..............................................................................................7

*Fischler v. Amsouth Bancorporation*,
   176 F.R.D. 583 (M.D. Fla. 1997) ............................................................................................7

*Gluck v. Cellstar Corp.*,
   976 F. Supp. 542 (N.D. Tex. 1997) .........................................................................................7

*Greebel v. FTP Software*,
   939 F. Supp. 57 (D. Mass. 1996) .............................................................................................7

*In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*,
   2004 U.S. Dist. LEXIS 10200 (E.D. Pa. Jun. 3, 2004) ...........................................................6

*In re Comverse Tech., Inc., Sec. Litig.*,
   2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007) .........................................................6

*In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC),
   2009 U.S. Dist. LEXIS 69133 (S.D.N.Y. July 29, 2009) ........................................................4

*In re Olsten Corp. Sec. Litig.*,
   3 F. Supp.2d 286 (E.D.N.Y. 1998) ......................................................................................6, 7

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) ..................................................................................7

*In re Tronox, Inc. Sec. Litig.*,
   262 F.R.D. 338 (S.D.N.Y. 2009) ................................................................................3

*In re Vicuron Pharms., Inc. Sec. Litig.*,
   225 F.R.D. 508 (E.D. Pa. 2004) .................................................................................6

*Janovici v. DVI, Inc.*, No. 03-4795,
   2003 U.S. Dist. LEXIS 22315 (E.D.Pa. Nov. 25, 2003) ............................................6

*Johnson v. Celotex Corp.*,
   899 F.2d 1281 (2d Cir. 1990) .....................................................................................3

*Lax v. First Merch. Acceptance Corp.*,
   1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) .............................................6

*Malcolm v. Nat'l Gypsum Co.*,
   995 F.2d 346 (2d Cir. 1993) .......................................................................................3

*Osher v. Guess ?, Inc.*,
   2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) ............................................9

*Riordan v. Smith Barney*,
   113 F.R.D. 60 (N.D. Ill. 1986) ...................................................................................8

## Statutes

15 U.S.C. § 78u-4(a)(3)(B)(iii) ................................................................................ *passim*

## Rules

Federal Rules of Civil Procedure Rule 23 ............................................................... *passim*

Federal Rules of Civil Procedure Rule 42 ..............................................................1, 3, 7

Movant Xiya Qian ("Qian") respectfully submits this Memorandum of Law in support of her motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for the entry of an Order:  (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing Qian as Lead Plaintiff on behalf of all persons and entities that purchased or otherwise acquired the securities of Ubiquiti Networks, Inc. ("Ubiquiti" or the "Company") between May 9, 2013 and February 20, 2018, both dates inclusive (the "Class Period"); (3) approving Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel; and (4) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Qian, with losses of approximately $298 in connection with her purchase of Ubiquiti securities during the Class Period, believes that she has the largest financial interest in the relief sought in this action.  Qian further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as she is an adequate representative with claims typical of the other Class members. Accordingly, Qian respectfully submits that she should be appointed Lead Plaintiff.

## STATEMENT OF FACTS

Ubiquiti purports to offer a broad and expanding portfolio of wireless networking products and solutions. The Company's products and solutions, include high performance radios,

1

antennas and management tools that have been designed to deliver carrier class performance for wireless networking and other applications in the unlicensed radio frequency, or RF, spectrum.

The Company does not employ a traditional sales force. Instead, it purports to "drive[] brand awareness largely through the company's user community where customers can interface directly with R&D, marketing, and support." The Company calls this user community the "Ubiquiti Community." In September 2017, Citron Research raised questions concerning, inter alia, the actual number of members in the Ubiquiti Community and the propriety of Ubiquiti's account practices. In response to the Citron Research report, Ubiquiti's Chief Executive Officer ("CEO"), Defendant Robert J. Pera ("Pera"), defended the Company's business practices, thereby blunting the report's impact on the Company's share price.

Founded in 2003, the Company is headquartered in New York, New York. Ubiquiti's stock trades on the NASDAQ Global Select market under the ticker symbol "UBNT."

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Ubiquiti had overstated the numbers of members of its purported user community; (ii) Ubiquiti had exaggerated its publicly reported accounts receivable; (iii) the foregoing conduct, when it came to light, would foreseeably result in increased regulatory oversight; and (iv) as a result of the foregoing, Ubiquiti's publicly disseminated financial statements were materially false and misleading.

On February 20, 2018, Ubiquiti issued a Current Report, filed on Form 8-K with the SEC, revealing that the Company had received subpoenas from the Securities and Exchange Commission "requesting documents and information relating to a range of topics including

metrics relating to the Ubiquiti Community, accounting practices, financial information, auditors, international trade practices, and relationships with distributors and various other third parties."

On the news of the SEC subpoenas, Ubiquiti's share price fell $18.76, or 25.34%, to close at $55.28 on February 20, 2018, damaging investors.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

### A.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Consolidation of related cases is appropriate, where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a). *See also* Manual for Complex Litigation (Third), § 20.123 (1995).

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact. *See* Fed. R. Civ. P. 42 (a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same). Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation.

*See In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133, at *4–8 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Related Actions at issue here clearly involve common questions of law *and* fact. Each action was brought against the Company, as well as certain officers and directors of the Company, in connection with violations of the federal securities laws. Accordingly, the Related Actions allege substantially the same wrongdoing, namely that defendants issued materially false and misleading statements and omissions that artificially inflated the price of the Company's securities and subsequently damaged the Class when the Company's stock price crashed as the truth emerged. Consolidation of the Related Actions is therefore appropriate. *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced); *In re GE*, 2009 U.S. Dist. LEXIS 69133), at *5 ("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties.").

## B.  QIAN SHOULD BE APPOINTED LEAD PLAINTIFF

Qian should be appointed Lead Plaintiff because she has the largest financial interest in the Action and otherwise meets the requirements of Rule 23. Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Qian satisfies all three of these criteria and thus is entitled to the presumption that she is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1. Qian is Willing to Serve as Class Representative

On February 22, 2018, counsel for plaintiff in the first of the Related Actions to be filed caused a notice to be published over *PR Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the defendants herein, and advised investors of Ubiquiti securities that they had 60 days—*i.e.*, until April 23 2018—to file a motion to be appointed as Lead Plaintiff. *See* Declaration of Jeremy A. Lieberman in Support of Motion of Xiya Qian for Consolidation, Appointment as Lead Plaintiff and Approval of Counsel ("Lieberman Decl."), Ex. A.

Qian has filed the instant motion pursuant to the Notice, and she has attached a Certification attesting that she is willing to serve as a representative for the Class, and provide

5

testimony at deposition and trial, if necessary. *See* Lieberman Decl., Ex. B. Accordingly, Qian satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2. Qian Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

As of the time of the filing of this motion, Qian believes that she has the largest financial interest of any of the Lead Plaintiff movants based on the four factors articulated in the seminal case *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered).[1] The most critical among the Lax Factors is the approximate loss suffered. *See*, *e.g.*, *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004); *Janovici v. DVI, Inc.*, No. 03-4795, 2003 U.S. Dist. LEXIS 22315, at *39 (E.D.Pa. Nov. 25, 2003); *In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*, 2004 U.S. Dist. LEXIS 10200, at *2–3 (E.D. Pa. Jun. 3, 2004); *A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 572 (D. N.J. 2003).

During the Class Period, Qian (1) purchased 33 shares of Ubiquiti securities; (2) expended $2,565 on her purchases of Ubiquiti securities; (3) retained all of her Ubiquiti shares; and (4) as a result of the disclosures of the fraud, suffered a loss of $298 in connection with her Class Period purchases of Ubiquiti securities. *See* Lieberman Decl., Ex. C. Because Qian

---

[1] *See also In re Olsten Corp. Sec. Litig.,* 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998). *Accord In re Comverse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007) (collectively, the "Lax-Olsten" factors).

possesses the largest financial interest in the outcome of this litigation, she may be presumed to be the "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3. Qian Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996).  Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA."  *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large."  *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999).  In other words,

7

"the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory.")).

The claims of Qian are typical of those of the Class. Qian alleges, as do all class members, that defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning the Company, or omitted to state material facts necessary to make the statements they did make not misleading. Qian, as did all members of the Class, purchased Ubiquiti securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986); *Beck*, 457 F.3d at 296 (emphasizing that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and the class they seek to represent.'") (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)).

Qian is an adequate representative for the Class. There is no antagonism between the interests of Qian and those of the Class, and her losses demonstrate that she has a sufficient interest in the outcome of this litigation. Finally, Qian has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submits her choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

### 4. Qian Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses

The presumption in favor of appointing Qian as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The ability and desire of Qian to fairly and adequately represent the Class has been discussed above. Qian is not aware of any unique defenses defendants could raise that would render her inadequate to represent the Class. Accordingly, Qian should be appointed Lead Plaintiff for the Class.

### C. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

9

Here, Qian has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer. *See* Lieberman Decl., Ex. D. As a result of the firm's extensive experience in litigation involving issues similar to those raised in the Related Actions, Qian's counsel have the skill and knowledge which will enable them to prosecute a consolidated action effectively and expeditiously. Thus, the Court may be assured that by approving the selection of Lead Counsel by Qian, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Qian respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Qian as Lead Plaintiff for the Class; (3) approving Pomerantz as Lead Counsel for the Class; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: April 23, 2018

                                          Respectfully submitted,

                                          **POMERANTZ LLP**

                                          */s/ Jeremy A. Lieberman*
                                          Jeremy A. Lieberman
                                          J. Alexander Hood II
                                          600 Third Avenue, 20th Floor
                                          New York, NY 10016
                                          Telephone: (212) 661-1100
                                          Facsimile: (212) 661-8665
                                          Email: jalieberman@pomlaw.com
                                                       ahood@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email:  pdahlstrom@pomlaw.com

*Counsel for Movant and*
*Proposed Lead Counsel for the Class*

**BRONSTEIN, GEWIRTZ**
**& GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
(212) 697-6484
peretz@bgandg.com

*Additional Counsel for Movant*