## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL VANDERHEIDEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>UBIQUITI NETWORKS, INC., ROBERT J. PERA, KEVIN RADIGAN, CRAIG L. FOSTER and MARK SPRAGG,<br><br>Defendants. | No.: 1:18-cv-01620<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION OF XIYA QIAN FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL** |
| XIYA QIAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>UBIQUITI NETWORKS, INC., ROBERT J. PERA, KEVIN RADIGAN, CRAIG L. FOSTER AND MARK SPRAGG,<br><br>Defendants. | No.: 1:18-cv-01841 |
| PJOHN KHO, Individually and on Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>UBIQUITI NETWORKS, INC., ROBERT J. PERA AND KEVIN RADIGAN,<br><br>Defendants. | No.: 1:18-cv-02242 |

Movant Qian[1] submits this Memorandum of Law in further support of her motion for consolidation of the Related Actions, appointment as Lead Plaintiff, and approval of her selection of counsel, and in opposition to the appointment of any competing applicant.

---

[1] All capitalized terms are defined in Qian's moving brief, unless otherwise indicated. (*See* Dkt. No. 15.)

## PRELIMINARY STATEMENT

This is a class action securities fraud lawsuit against Ubiquiti and certain of the Company's officers. As with all federal class action securities fraud lawsuits, a lead plaintiff must be appointed. The PSLRA governs that process and, pursuant to the PSLRA, the Court should appoint as Lead Plaintiff the movant or movants with the greatest financial interest in the outcome of the action; and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, that movant is Qian—the only member of the class who filed a motion on or before April 23, 2018 pursuant to the PSLRA notice issued in connection with the first-filed of the Related Actions—having suffered losses of approximately $298 in connection with her transactions in Ubiquiti securities during the Class Period. *See*, *e.g.*, *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004) (finding the amount of the financial loss "the most significant" factor in determining financial interest).

Moreover, Qian satisfies the adequacy and typicality requirements of Rule 23. Qian, like all members of the Class, purchased Ubiquiti securities at prices artificially inflated by defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations or omissions. These shared claims, which are based on the same legal theory, and arise from the same events and course of conduct as the Class claims, satisfy the requirements of Rule 23. *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999).

For the reasons set forth herein, Qian respectfully submits that her motion should be granted in its entirety.

## ARGUMENT

### I.   Qian Should Be Appointed Lead Plaintiff

The PSLRA creates a strong presumption that the Lead Plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant that has the largest financial interest need only make a preliminary showing that it

satisfies Rule 23's typicality and adequacy requirements.  *See In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001) (finding that at this stage the Rule 23 inquiry "need not be extensive.").  Once this presumption is triggered, it can only be rebutted upon ***"proof"*** that the presumptive Lead Plaintiff will not fairly represent the interests of the Class—whether another movant might somehow better protect the interests of the Class is irrelevant.  15 U.S.C. § 78u–4(a)(3)(B)(iii)(II) (emphasis added).  Here, the most adequate class representative is Qian.

### A. Qian Has The Largest Financial Interest In The Relief Sought By The Class

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  While the PSLRA itself does not provide any guidance concerning the method of calculating which plaintiff has the "largest financial interest", courts around the country recognize that the amount of financial loss is the most significant factor to be considered.  *See*, *e.g.*, *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 128 (S.D.N.Y. 2011) ("[W]e, as have other courts, shall place the most emphasis on the last of the four factors, the approximate loss suffered by the movant"); *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 421, 511  (E.D. Pa. 2005) (finding the amount of the financial loss "the most significant" factor); *In re Comverse Tech., Inc. Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *8 (E.D.N.Y. Mar. 2, 2007) (recognizing that most courts consider "the approximate loss a plaintiff suffered during the class period to be most influential in identifying the plaintiff with the largest financial interest"); *Takara Trust v. Molex, Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) ("most courts simply determine which potential lead plaintiff has suffered the greatest total losses.").

Under the foregoing analysis, with no competing class members having filed motions for appointment as lead plaintiff, Qian's estimated loss of $298 clearly constitutes the largest financial interest in the litigation.

### B. Qian Satisfies The Requirements Of Rule 23

In addition to possessing the largest financial interest in the relief sought by the Class, Qian also satisfies the typicality and adequacy requirements of Rule 23.  To overcome the strong

presumption entitling Qian to appointment as Lead Plaintiff, the PSLRA requires **"*proof*"** that the presumptive Lead Plaintiff is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added). No such proof exists in this case and any arguments to the contrary should be flatly rejected.

Qian has further demonstrated her adequacy by selecting Pomerantz—counsel highly capable and experienced in prosecuting securities cases and managing complex litigation efficiently—to serve as Lead Counsel for the Class. Accordingly, because Qian has the largest financial interest in the relief sought by the Class and otherwise satisfies Rule 23, the Court should appoint her as Lead Plaintiff.

## II. Any Class Member Who Did Not Timely File A Motion For Appointment As Lead Plaintiff Is Inadequate Within The Meaning Of Rule 23

Anticipating a potential argument from putative Class member John Kho ("Kho")—the named plaintiff in the last of the Related Actions to be filed, who advised the Court on April 23, 2018 of his intent to oppose Qian's appointment as Lead Plaintiff (Dkt. No. 18)—Qian respectfully submits that any Class member, such as Kho, who did not file a motion for appointment as Lead Plaintiff on or before April 23, 2018 is inadequate within the meaning of Rule 23. As discussed above, the presumptively "most adequate plaintiff" is the movant with the largest financial interest who has also made a *prima facie* showing that he meets the adequacy and typicality requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Molycorp, Inc. Sec. Litig.*, 2012 U.S. Dist. LEXIS 89191, at *5 (D. Colo. May 29, 2012); *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002). After a presumptive lead plaintiff is identified, the Court must then determine if the presumption has been rebutted with proof that the "presumptively most adequate plaintiff will not . . . adequately protect the interest of the class; or is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Beck v. Maximus, Inc.*, 457 F.3d 291, 297 (3d Cir. 2006) (if subject to a unique defense, "the representative might devote time and effort to the defense at the expense of issues that are common and controlling for the class").

Here, a serious question exists as to Kho's adequacy to represent the class because he has not filed a motion for appointment as lead plaintiff.  On February 22, 2018, counsel for plaintiff in the first of the Related Actions to be filed published a notice on *PR Newswire*, as required by the PSLRA, that unequivocally stated to all putative class members:  "***If you purchased Ubiquiti shares during the Class Period and wish to serve as lead plaintiff, you must move the Court no later than April 23, 2018***."  (Dkt. No. 16-1.)  Nevertheless, Kho did ***not*** file a motion on or before April 23, 2018.

"The adequacy requirement mandates an inquiry into . . . the willingness and ability of the representatives to take an active role in and control the litigation and to protect the interests of absentees."  *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 484 (5th Cir. 2001) (quoting *Horton v. Goose Creek Indep. Sch. District*, 690 F.2d 470, 484 (5th Cir. 1982)).  *See also Murphy v. JBS S.A.*, 17-CV-3084, 2017 U.S. Dist. LEXIS 166262, at *13 (E.D.N.Y. Oct. 6, 2017) ("In assessing whether the movant satisfies Rule 23's adequacy requirement, courts should consider whether it has the ability and incentive to represent the claims of the class vigorously") (quoting *Cendant*, 264 F.3d at 265); *Roth v. Aon Corp.*, 238 F.R.D. 603, 606-07 (N.D. Ill. 2006) (class representatives must be "willing and able to vigorously pursue the litigation on behalf of the class").  Here, Kho's conduct in this litigation has not been characterized by vigor.  Indeed, he has largely been supine.  As such, serious doubts exist as to whether Kho possesses the requisite willingness and ability to fulfill the duties of a class representative by protecting the interests of absentee class members.  Qian respectfully submits that Kho does not, and that his inadequacy within the meaning of Rule 23 disqualifies him from consideration.

For these reasons, irrespective of whatever financial interest Kho possesses in this litigation, he is not the most adequate plaintiff because he is inadequate to serve as a class representative within the meaning of Rule 23.  As such, Kho may not be appointed Lead Plaintiff.

### III. Qian's Selection Of Counsel Should Be Approved

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005) (the Lead Plaintiff "is primarily responsible for selecting lead counsel.").

Here, Qian has selected Pomerantz as Lead Counsel for the Class.  As the firm's resume reflects, Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors.  (*See* Dkt. No. 16-4.)  Thus, the Court may be assured that by approving the selection of counsel by Qian, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Qian respectfully requests that the Court grant its motion in its entirety.

Dated:   May 7, 2018

                                                    Respectfully submitted,

                                                    **POMERANTZ LLP**

                                                    */s/ Jeremy A. Lieberman*
                                                    Jeremy A. Lieberman
                                                    J. Alexander Hood II
                                                    600 Third Avenue, 20th Floor
                                                    New York, NY 10016
                                                    Telephone: (212) 661-1100
                                                    Facsimile: (212) 661-8665
                                                    Email:  jalieberman@pomlaw.com
                                                                  ahood@pomlaw.com

                                                    **POMERANTZ LLP**
                                                    Patrick V. Dahlstrom
                                                    Ten South LaSalle Street, Suite 3505
                                                    Chicago, Illinois 60603

                Telephone: (312) 377-1181
                Facsimile: (312) 377-1184
                Email:  pdahlstrom@pomlaw.com

*Counsel for Movants and*
*Proposed Lead Counsel for the Class*

**BRONSTEIN, GEWIRTZ**
**& GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
(212) 697-6484
peretz@bgandg.com

*Additional Counsel for Movants*