UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x
PAUL VANDERHEIDEN, Individually and on :
Behalf of All Others Similarly Situated,       :
                                                :
                              Plaintiff,        :
                                                :
            vs.                                 :
                                                :
UBIQUITI NETWORKS, INC., ROBERT J.              :
PERA, KEVIN RADIGAN, CRAIG L.                   :
FOSTER and MARK SPRAGG,                         :
                                                :
                              Defendants.       :
————————————————————————————
XIYA QIAN, Individually and on Behalf of All :
Others Similarly Situated,                      :
                                                :
                              Plaintiff,        :
                                                :
            vs.                                 :
                                                :
UBIQUITI NETWORKS, INC., ROBERT J.              :
PERA, KEVIN RADIGAN, CRAIG L.                   :
FOSTER and MARK SPRAGG,                         :
                                                :
                              Defendants.       :
———————————————————————— x

Civil Action No. 1:18-cv-01620-VM

<u>CLASS ACTION</u>

Civil Action No. 1:18-cv-01841-VM

<u>CLASS ACTION</u>

[Caption continued on following page.]


MEMORANDUM OF LAW IN OPPOSITION TO COMPETING LEAD PLAINTIFF
MOTION AND IN FURTHER SUPPORT OF APPOINTMENT OF JOHN KHO AS LEAD
PLAINTIFF AND APPROVAL OF HIS SELECTION OF COUNSEL

```
——————————————————————— x
JOHN KHO, Individually and on Behalf of All  :    Civil Action No. 1:18-cv-02242-VM
Others Similarly Situated,                   :
                                             :    CLASS ACTION
                          Plaintiff,         :
                                             :
             vs.                             :
                                             :
UBIQUITI NETWORKS, INC., ROBERT J.           :
PERA and KEVIN RADIGAN,                      :
                                             :
                          Defendants.        :
                                             :
——————————————————————— x
```

## I.      INTRODUCTION

Plaintiff John Kho represents the largest financial interest from among all of those investors seeking to be appointed lead plaintiff in these related cases.  While three different plaintiffs filed complaints on behalf of purchasers of Ubiquiti Networks Inc. ("Ubiquiti") securities (and one also filed a motion seeking to be appointed lead plaintiff), only Mr. Kho qualifies as the most adequate plaintiff and should be appointed lead plaintiff.

The Private Securities Litigation Reform Act of 1995 ("PSLRA"), which applies to this case, provides that a plaintiff is presumed to be the "most adequate plaintiff" if he: (1) "has either filed [a] complaint or made a motion" to be appointed lead plaintiff; (2) "has the largest financial interest in the relief sought by the class"; and (3) otherwise satisfies the requirements of Fed. R. Civ. P. 23.  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)).

Courts have taken different approaches to calculating a movant's financial interest.  While several courts consider financial loss to be the most important factor, that analysis changes when the movants' losses are roughly equal (as is the case here).  When that happens, courts tend to look at three other factors as well to determine the movants' financial interest: (1) the number of shares purchased during the putative class period; (2) the number of net shares purchased during the class period; and (3) the total net funds expended during the class period.

Here, Mr. Kho purchased 130 shares of Ubiquiti stock during the Class Period,[1] purchased 100 net shares, expended net funds of $7,134.80, and suffered losses of $139.80.  The only other

---

[1]      As set forth in the loss chart attached hereto as Exhibit A, Mr. Kho's certification inadvertently excluded a purchase of 30 shares of Ubiquiti stock on January 16, 2018 at a price of $74.25 per share which were sold on January 30, 2018 at a price of $81.80 per share.  Mr. Kho sold his remaining shares on March 28, 2018.

investor seeking appointment as lead plaintiff[2] – Xiya Qian[3] – purchased only 33 shares of Ubiquiti stock during the Class Period, purchased 33 net shares, expended net funds of $2,565 and suffered losses of $298.  As Ms. Qian's losses are only slightly higher than Mr. Kho's, it is proper under these circumstances to also consider the other three factors to determine the movants' financial interests.  Under each of these three other factors, Mr. Kho has a greater financial interest and thus the greatest financial interest of any investor seeking to be appointed lead plaintiff.

In addition, Mr. Kho is typical and adequate of the putative class and readily satisfies the Rule 23 requirements; as such, Mr. Kho is the presumptive lead plaintiff.  In his complaint, Mr. Kho requested that he be designated lead plaintiff and that his counsel be lead counsel; Mr. Kho respectfully submits that, based on the foregoing, his request be granted.

While the presumption of most adequate plaintiff is rebuttable, the PSLRA expressly provides the presumption may be rebutted "only upon proof" that the presumptively most adequate plaintiff (i) "will not fairly and adequately protect the interests of the class" or (ii) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §§ 78u-4(a)(3)(B)(iii)(II).  Such proof is not present here.

Because Ms. Qian cannot prove that Mr. Kho is either inadequate or subject to unique defenses, she cannot rebut the presumption, and her motion cannot be considered by the Court.  Consequently, Ms. Qian's motion should be denied, Mr. Kho should be appointed lead plaintiff and

---

[2]   Plaintiff in the *Vanderheiden* action did not move for lead plaintiff or request that he be appointed lead plaintiff in his complaint or elsewhere.

[3]   *See* ECF No. 14.  Unless otherwise noted, all emphasis is added, all citations are omitted throughout and all references to "ECF No. __" are to *Vanderheiden v. Ubiquiti Networks, Inc*. et al., No. 1:18-cv-01620-VM.

his selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Holzer & Holzer, LLC ("Holzer") as lead counsel for the putative class should be approved.

## II.    ARGUMENT

"The Court must appoint as lead plaintiff the class member or members most capable of adequately representing the interests of class members." *Lintz v. Agria Corp*., 2008 WL 5191087, at *1 (S.D.N.Y. Dec. 3, 2008) (Pauley, J.); 15 U.S.C. § 78u-4(a)(3)(B)(i).  "A plaintiff is presumed to be the most adequate if he: (1) either filed [a] complaint or made a timely motion to be appointed lead plaintiff; (2) 'has the largest financial interest in the relief sought by the class'; and (3) otherwise satisfies the requirements of Fed.R.Civ.P. 23." *Id.* (quoting 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)).

### A.    Mr. Kho Is Entitled to the "Most Adequate Plaintiff" Presumption

On March 13, 2018, Mr. Kho filed a complaint against Ubiquiti and certain of its officers and/or directors alleging violations of the Securities Exchange Act of 1934.[4] *See Kho* Complaint.  In his complaint, Mr. Kho sought a judgment "designating plaintiff as Lead Plaintiff and. . . plaintiff's counsel as a Lead Counsel." *Id*. at 39, Prayer for Relief, ¶A.  Accordingly, Mr. Kho satisfies the first requirement to serve as lead plaintiff.  *See In re Millennial Media, Inc. Sec. Litig*., 87 F. Supp. 3d 563, 566 n. 1 (S.D.N.Y. 2015) ("Although Ostroviak did not file a formal motion to serve as lead plaintiff, the Court considers him as a potential lead plaintiff because he filed a Complaint."); 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa).

---

[4]    On April 26, 2018 Mr. Kho joined Ms. Qian's motion for consolidation of the above-captioned related actions and informed the Court he intended to otherwise oppose the motion to the extent it seeks Ms. Qian's appointment as lead plaintiff and approval of her selection of counsel.  *See* ECF No. 18.

In determining which plaintiff has the greatest financial interest, courts consider four factors: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  *See City of Hollywood Firefighters' Pension Fund v. Transdigm Group, Inc.*, Case No. 1:17-cv-1677, at *4 (N.D. Ohio Dec. 5, 2017), Memorandum Opinion and Order, attached hereto as Exhibit B.

As set forth in the following table, Mr. Kho has the greatest financial interest under three of the four factors considered by courts:

| Movant | Shares Purchased | Net Shares Purchased | Net Funds Expended | Approximate Loss |
|---|---|---|---|---|
| John Kho | **130** | **100** | **$7,134** | $139.80 |
| Xiya Qian | 33 | 33 | $2,565 | $298 |

Given his larger financial interest under three of the four factors – and that his losses are roughly equal with Ms. Qian – Mr. Kho should be designated the presumptive lead plaintiff.  *See City of Hollywood Firefighters' Pension Fund*, at *5-6 (appointing as lead plaintiff investor who had smaller loss but a greater financial interest under the other three factors and noting that "the difference in the approximate losses does not overcome the combined weight of the first three factors").

Because Mr. Kho possesses the greatest financial interest, the next question is whether he "otherwise satisfies the requirements of Rule 23."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  At this stage, the Rule 23 determination is limited to typicality and adequacy.  *Lintz*, 2008 WL 5191087, at *2.

There is no question that Mr. Kho is typical and adequate of the putative class here.  Mr. Kho purchased Ubiquiti securities during the class period[5] at prices artificially inflated by defendants' misrepresentations and omissions and was damaged upon the disclosure of those misrepresentations and/or omissions.  Likewise, there is no antagonism between the interests of Mr. Kho and those of the class, as he appears to have the largest financial interest of any investor seeking appointment as lead plaintiff and he has selected highly experienced counsel to vigorously and efficiently prosecute these actions.

Indeed, proposed lead counsel Robbins Geller and Holzer have considerable experience prosecuting securities and other class actions.  Robbins Geller, a nationwide firm with offices in this District, regularly practices complex securities litigation.  District courts throughout the country, including this Court, have recognized Robbins Geller's experience in litigating complex securities class actions and appointed Robbins Geller attorneys to lead roles in landmark complex class action securities cases such as this, including *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427 (S.D. Tex. 2002) (largest securities class action settlement in history) and *Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*, No. 1:09-cv-03701 (S.D.N.Y.) ($388 million recovery).  *Id.*  In approving the lead plaintiff's choice of counsel in *Enron*, the Honorable Melinda Harmon found that its submissions stood "out in the breadth and depth of its research and insight."  206 F.R.D. at 458. Robbins Geller's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.

---

[5]    Mr. Kho's complaint alleges a class period between August 3, 2017 and February 20, 2018, while plaintiffs in the *Vanderheiden* and *Qian* actions allege a class period between May 9, 2013 and February 20, 2018.  The competing movants' financial interest is the same using either class period. Ms. Qian acknowledges that differences in the class period "do not render consolidation inappropriate."  ECF No. 15 at 3-4.

Likewise, Holzer has substantial experience representing investors in class action and securities fraud litigation, including for example, representing lead plaintiffs in the following cases: *In re CafePress Shareholder Litig.*, No. CIV-522744 (Cal. Sup. Ct., San Mateo County) ($8 million recovery); *In re NBTY, Inc. Sec. Litig.*, No. 10-cv-2159 (E.D.N.Y.) ($6 million recovery); *In re Agria Corp. Sec. Litig.*, No. 08-cv-3536 (S.D.N.Y) ($3.75 million recovery).  Robbins Geller and Holzer have been appointed co-lead counsel in the past on behalf of investors including, for example, in *Sgalambo v. McKenzie*, 268 F.R.D. 170, 174 (S.D.N.Y. 2010) (describing Robbins Geller and Holzer as "highly competent plaintiffs' firms with substantial securities class action experience").

As the movant with the largest financial interest that is otherwise adequate and typical, Mr. Kho is presumptively the most adequate plaintiff under the PSLRA.  *See, e.g., Kux–Kardos v. VimpelCom, Ltd.*, 151 F. Supp. 3d 471, 478–79 (S.D.N.Y. 2016) ("In sum, Westway filed a complaint in this litigation, has the largest financial interest in the litigation, and otherwise satisfies the adequacy and typicality requirements of Rule 23, making it the presumptive most adequate plaintiff.").

By satisfying each of the PSLRA requirements, Mr. Kho is entitled to the presumption that he is the most adequate plaintiff.

### B.   The Presumption in Favor of Appointing Mr. Kho as Lead Plaintiff Will Not Be Rebutted

To rebut the presumption in favor of Mr. Kho's appointment as lead plaintiff, the PSLRA requires the other lead plaintiff candidates to submit "proof" that Mr. Kho "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II).  None exists.

Because the only competing investor cannot rebut the presumption that Mr. Kho is the most adequate plaintiff, Ms. Qian's motion should be denied.

### III.      CONCLUSION

The only other investor seeking appointment as lead plaintiff, Ms. Qian, has a smaller financial interest than Mr. Kho.  As such, Ms. Qian cannot trigger the PSLRA's most adequate plaintiff presumption.  For the reasons set forth herein, her motion should be denied and Mr. Kho should be appointed lead plaintiff and his choice of counsel should be approved.

DATED:  May 7, 2018                       ROBBINS GELLER RUDMAN
                                            & DOWD LLP
                                          SAMUEL H. RUDMAN
                                          DAVID A. ROSENFELD
                                          VINCENT M. SERRA


                                                 /s/ David A. Rosenfeld
                                          DAVID A. ROSENFELD

                                          58 South Service Road, Suite 200
                                          Melville, NY  11747
                                          Telephone:  631/367-7100
                                          631/367-1173 (fax)
                                          srudman@rgrdlaw.com
                                          drosenfeld@rgrdlaw.com
                                          vserra@rgrdlaw.com

                                          HOLZER & HOLZER, LLC
                                          COREY D. HOLZER
                                          1200 Ashwood Parkway, Suite 410
                                          Atlanta, GA  30338
                                          Telephone:  770/392-0090
                                          770/392-0029 (fax)
                                          cholzer@holzerlaw.com

                                          Counsel for Plaintiff John Kho

**CERTIFICATE OF SERVICE**

I, David A. Rosenfeld, hereby certify that on May 7, 2018, I authorized a true and correct copy of the Memorandum of Law in Opposition to Competing Lead Plaintiff Motion and in Further Support of Appointment of John Kho as Lead Plaintiff and Approval of His Selection of Counsel to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.



/s/ David A. Rosenfeld

David A. Rosenfeld