UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL VANDERHEIDEN, Individually and on Behalf of All Others Similarly Situated, : : : Plaintiff, : : vs. : : UBIQUITI NETWORKS, INC., ROBERT J. PERA, KEVIN RADIGAN, CRAIG L. FOSTER and MARK SPRAGG, : : : Defendants. : | Civil Action No. 1:18-cv-01620-VM  CLASS ACTION |
| XIYA QIAN, Individually and on Behalf of All Others Similarly Situated, : : : Plaintiff, : : vs. : : UBIQUITI NETWORKS, INC., ROBERT J. PERA, KEVIN RADIGAN, CRAIG L. FOSTER and MARK SPRAGG, : : : Defendants. : | Civil Action No. 1:18-cv-01841-VM  CLASS ACTION |

[Caption continued on following page.]

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF APPOINTMENT OF JOHN KHO AS LEAD PLAINTIFF AND APPROVAL OF HIS SELECTION OF COUNSEL

|  |  |
|---|---|
| JOHN KHO, Individually and on Behalf of All Others Similarly Situated, | x : Civil Action No. 1:18-cv-02242-VM : : CLASS ACTION |
| Plaintiff, | : : |
| vs. | : : : |
| UBIQUITI NETWORKS, INC., ROBERT J. PERA and KEVIN RADIGAN, | : : : |
| Defendants. | : : : x |

**I.     INTRODUCTION**

Plaintiff John Kho respectfully submits this reply memorandum of law in further support of his appointment as Lead Plaintiff.

As set forth in his opposition memorandum, Mr. Kho is presumptively the "most adequate plaintiff" under the Private Securities Litigation Reform Act of 1995 ("PSLRA") and should be appointed as Lead Plaintiff in this action. Indeed, Mr. Kho filed a complaint, has the largest financial interest in the action and otherwise satisfies the requirements of Fed. R. Civ. P. 23. *See* 15 U.S.C. §78u-4(a)(3)(iii)(I). While courts analyzing financial interest under the widely-applied "*Lax*" four-factor test often emphasize the approximate losses suffered, where the difference in losses among movants is negligible, courts looks to the remaining three factors to determine financial interest. Here, the difference between the losses of Mr. Kho and the only other movant seeking appointment as lead plaintiff – Xiya Qian – is only a few hundred dollars, and Mr. Kho has, ***by far***, the greatest financial interest under the other three *Lax* factors (shares purchased, net shares purchased and net funds expended).

Further, Ms. Qian has failed to proffer any proof that Mr. Kho will not fairly and adequately protect the interests of the class or is subject to unique defenses. *Id*. at §78u-4(a)(3)(iii)(II). Ms. Qian's sole argument challenging Mr. Kho's adequacy to represent the class is that he did not file a motion for appointment as lead plaintiff. *See* ECF No. 20 at 5. But this argument runs directly contrary to the plain text of the PSLRA, which requires a movant to "***either*** file[] a complaint or ma[ke] a motion in response to a notice . . . ." 15 U.S.C. §78u-4(a)(3)(iii)(I)(aa) (emphasis added). Mr. Kho complied with this provision by filing a complaint, in which he specifically requested to be appointed as Lead Plaintiff. *See* ECF No. 21 at 3. Ms. Qian's assertion that Mr. Kho, by complying

with the statutory mandate of the PSLRA, is somehow inadequate to represent the class is therefore misplaced.

Thus, the Court should appoint Mr. Kho as Lead Plaintiff and approve his selection of Robbins Geller[1] and Holzer as Lead Counsel, and deny the competing motion.

## II.   ARGUMENT

### A.   Mr. Kho has the greatest financial interest in the relief sought by the class under three of the *Lax* factors, and his slightly smaller interest under the fourth is *de minimis*

As explained above and in his opposition memorandum, Mr. Kho has demonstrated that he has a larger financial interest under the four-factor *Lax* test. *See Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997). In fact, Mr. Kho (i) purchased nearly ***300% more*** total shares of Ubiquiti stock than Ms. Qian – 130 vs. 33; (ii) purchased over ***200% more*** net shares than Ms. Qian – 100 vs. 33; and (iii) expended over ***175% more*** net funds than Ms. Qian - $7,134 vs. $2,565. While courts often emphasize the fourth *Lax* factor (approximate losses), courts in this District and others have repeatedly held that small disparities in approximate losses should not determine financial interest, particularly where, as here, other factors favor the movant with slightly lower financial losses. *See* ECF No. 21-2 at 6 ($35,406 "difference in the approximate losses does not overcome the combined weight of the first three factors"); *Cortina v. Anavex Life Scis. Corp.*, No. 15-CV-10162 (JMF), 2016 WL 1337305, at *2 (S.D.N.Y. Apr. 5, 2016) (appointing movant with most net shares purchased and net funds expended where "*at best*, the total loss factor only slightly favors" the competing movant) (emphasis in original); *Police & Fire Ret. Sys. of City of Detroit v. SafeNet, Inc.*, No. 06 CIV. 5797 (PAC), 2007

---

[1]   Capitalized terms will have the same meaning as in Mr. Kho's opposition memorandum. *See* ECF No. 21.

WL 7952453, at *2 (S.D.N.Y. Feb. 21, 2007) (determining group with greater interest under first three *Lax* factors, but $40,000 less in losses, had the largest financial interest because "very slight difference" in losses could not "dictate such an important result").  Similarly here, the small difference between Mr. Kho and Ms. Qian's losses (a few hundred dollars)[2] cannot outweigh the significance of Mr. Kho's financial interest under the first three *Lax* factors.

While Ms. Qian ignores the remaining *Lax* factors, arguing instead that the "amount of financial loss is the most significant factor to be considered," ECF No. 20 at 3, the cases she cites are distinguishable because the difference in losses were substantial and/or the movant had a greater financial interest across more than a single *Lax* factor or considering other factors.  *See Foley v. Transocean Ltd.*, 272 F.R.D. 126, 130–31 (S.D.N.Y. 2011) (presumptive lead plaintiff had over $347,000 more in losses); *In re Vicuron Pharm., Inc. Sec. Litig.*, 225 F.R.D. 508, 510–11 (E.D. Pa. 2004) (movant selected with larger losses, considering factor preferring institutional investors as lead plaintiffs); *In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 NGG RER, 2007 WL 680779, at *7 (E.D.N.Y. Mar. 2, 2007) (finding group with "greatest number of relevant net shares purchased, net funds expended, and suffered the greatest loss" should be appointed lead plaintiff); *Takara Tr. v.*

---

[2]  Counsel for Ms. Qian informed the undersigned that two days after she signed her PSLRA certification, but almost two months before filing her motion for lead plaintiff, Ms. Qian sold her remaining shares of Ubiquiti stock.  As the loss chart submitted with her motion did not list these trades – but rather used the average trading price to determine her losses, instead of the actual sales price – Ms. Qian may submit updated loss figures in her reply memorandum which will slightly increase her claimed losses.  Even putting aside the fact that any such assertion would be untimely under the PSLRA, the analysis of Mr. Kho's financial interest herein remains unchanged given the *de minimis* difference in losses.

While Ms. Qian may argue that the additional trades that were not originally included in Mr. Kho's certification should weigh against his appointment as lead plaintiff, her failure to originally include her actual sales of stock in her loss chart are of a similar nature; as both movants have now provided the appropriate data, this is a non-issue.

*Molex Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) (movant had largest financial interest when considering number of shares purchased and losses sustained).

### B. Ms. Qian has failed to rebut the presumption that Mr. Kho is the presumptively most adequate plaintiff to represent the class

While the presumption of most adequate plaintiff is rebuttable, the PSLRA expressly provides the presumption may be rebutted "only upon proof" that the presumptively most adequate plaintiff (i) "will not fairly and adequately protect the interests of the class" or (ii) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §§78u-4(a)(3)(B)(iii)(II). Because Ms. Qian cannot prove that Mr. Kho is either inadequate or subject to unique defenses, she cannot rebut the presumption, and her motion cannot be considered by the Court.[3]

Ms. Qian's feigned attempt to call into question Mr. Kho's adequacy rests solely on the fact that Mr. Kho filed a complaint requesting to be appointed Lead Plaintiff while Ms. Qian filed a motion. This, Ms. Qian argues, renders Mr. Kho inadequate to represent the class. But the plain language of the PSLRA specifically contemplates a lead plaintiff movant "***either*** filing [a] complaint or ma[king] a timely motion to be appointed lead plaintiff." 15 U.S.C. §§ 78u-4(a)(3)(B)(iii)(I)(aa) (emphasis added). Accordingly, Ms. Qian's contrived effort to manufacture inadequacy or a lack of vigor on the part of Mr. Kho must be rejected. *See In re Millennial Media, Inc. Sec. Litig.*, 87 F. Supp. 3d 563, 566 n. 1 (S.D.N.Y. 2015) (considering movant as potential lead plaintiff although he did not file a formal motion, because he filed a complaint). Therefore, Ms. Qian has failed to proffer any proof at all that Mr. Kho is inadequate to serve as Lead Plaintiff and otherwise protect the

---

[3] Ms. Qian does not even attempt to argue that Mr. Kho is subject to unique defenses.

interests of the class within the meaning of Rule 23. Indeed, Mr. Kho's submissions demonstrate precisely the opposite.

## III. CONCLUSION

Thus, given Mr. Kho's significant financial interest and the fact that he otherwise satisfies the requirements of Rule 23, Mr. Kho should be appointed as Lead Plaintiff and his selection of Robbins Geller and Holzer as Lead Counsel for the putative class should be approved, and Ms. Qian's motion should be denied.

DATED: May 14, 2018  
        ROBBINS GELLER RUDMAN  
          & DOWD LLP  
        SAMUEL H. RUDMAN  
        DAVID A. ROSENFELD  
        VINCENT M. SERRA

        /s/ *David A. Rosenfeld*  
        DAVID A. ROSENFELD

58 South Service Road, Suite 200  
Melville, NY 11747  
Telephone: 631/367-7100  
631/367-1173 (fax)  
srudman@rgrdlaw.com  
drosenfeld@rgrdlaw.com  
vserra@rgrdlaw.com

HOLZER & HOLZER, LLC  
COREY D. HOLZER  
1200 Ashwood Parkway, Suite 410  
Atlanta, GA 30338  
Telephone: 770/392-0090  
770/392-0029 (fax)  
cholzer@holzerlaw.com

Counsel for Plaintiff John Kho

## CERTIFICATE OF SERVICE

I, David A. Rosenfeld, hereby certify that on May 14, 2018, I authorized a true and correct copy of the Reply Memorandum of Law in Further Support of Appointment of John Kho as Lead Plaintiff and Approval of His Selection of Counsel to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.



*/s/ David A. Rosenfeld*
David A. Rosenfeld