

# Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954



U.DC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/25/19

Direct Dial Number

+1-212-455-3525

E-mail Address

pkazanoff@stblaw.com

BY E-MAIL AND FEDERAL EXPRESS          February 22, 2019

Re:   *In re Ubiquiti Networks, Inc. Securities Litigation*, 18-cv-01620 (VM)

Jeremy A. Lieberman, Esq.
Pomerantz LLP
600 Third Avenue, 20th Floor
New York, New York 10016

Dear Mr. Lieberman:

We write pursuant to Rule II.B.1 of the Court's Individual Rules of Practice to advise you of pleading deficiencies in the Consolidated Amended Complaint ("Complaint" or "CAC").

Substantial portions of the Complaint are time-barred. Section 10(b) and Rule 10b-5 claims must be brought within two years after "a reasonably diligent plaintiff would have discover[ed] the facts constituting the violation." *Merck & Co. v. Reynolds*, 559 U.S. 633, 653 (2010) (internal quotation marks omitted). The Complaint alleges that Defendants misrepresented the sufficiency of Ubiquiti's internal controls, misstated accounts receivable, and falsely attributed Ubiquiti's success to a "disruptive business model." CAC ¶ 199. However, a reasonably diligent plaintiff was on notice of claims concerning Ubiquiti's internal controls on August 21, 2015, when the Company disclosed weaknesses in "internal controls over financial reporting," CAC ¶ 296, and Plaintiff bases his accounts receivable claims on financial disclosures that were publicly available no later than February 4, 2016, *see* CAC ¶¶ 200–214. Because allegations regarding Ubiquiti's "disruptive" business model are moored to these untimely claims, they fail for the same reason. *Cf. Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 190 (1997) ("[P]laintiff cannot use an independent, new predicate act . . . to recover for injuries caused by other [untimely] predicate acts.").

The Complaint also fails to state a valid cause of action. To survive dismissal, Plaintiff must allege with particularity: (1) a material misrepresentation or omission by each defendant; (2) scienter; (3) a connection with the purchase or sale of securities; (4) reliance; (5) economic loss[1];

---

[1] In this case, the "90-day bounce back rule" under Section 78u-4(e) of the PSLRA applies. The stock closing price after the last alleged corrective disclosure was $55.28 and the average stock price during the ensuing 90-day period was $70.55.

Simpson Thacher & Bartlett LLP

Jeremy A. Lieberman, Esq.                    -2-                     February 22, 2019

and (6) loss causation. *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 341–42, 345 (2005). The Complaint fails to do so. *First*, the Complaint does not allege actionable misstatements or omissions. Specifically:

- *Statements regarding Ubiquiti's accounts receivable are not actionable*. The Complaint does not allege that Ubiquiti's accounts receivable were in fact false. Plaintiff instead alleges a discrepancy between Ubiquiti's reported revenue and two distributors' trade payables and asks the Court to infer fraud. This inference is unwarranted because Plaintiff has not alleged that any conclusions can be gleaned from inconsistencies in metrics reported by companies in foreign reporting regimes. *See In re China Valve Tech. Sec. Litig.*, 979 F. Supp. 2d 395, 410-12 (S.D.N.Y. 2013) (inconsistences between foreign filings did not establish falsity).

- *Statements regarding Ubiquiti's internal controls are not actionable*. To survive dismissal, Plaintiff must allege that Defendants knowingly made material misrepresentations about the sufficiency of Ubiquiti's internal controls. *In re Magnum Hunter Res. Corp. Sec. Litig.*, 26 F. Supp. 3d 278, 298 (S.D.N.Y. 2014). The Complaint here lacks *any* allegation that Defendants made intentional misstatements, *i.e.*, that Defendants knew controls were inadequate or concealed these flaws. The Complaint instead suggests that the existence of the weakness shows "knowledge." Courts reject this logic. *See Novak v. Kasak*, 216 F.3d 300, 309 (2d Cir. 2000) (failure to identify internal control weaknesses does not, alone, establish liability). Nor does the Complaint show that these weaknesses, which did not result in a restatement of Ubiquiti's financials, were material. *In re Barrick Gold Sec. Litig.*, 2015 WL 1514597, at *14 (S.D.N.Y. Apr. 1, 2015) ("[I]nternal controls [deficiencies] . . . can give rise to a securities fraud claim only where the underlying financial forms contained material misstatements . . . ."). Plaintiff's alternate theory—that Defendants failed to disclose that Ubiquiti remediated weaknesses by "replac[ing] the entire accounting department"—fails. CAC ¶¶ 69–70. This claim, even if credited,[2] does not render false Ubiquiti's statement that it remediated deficiencies by "recruit[ing] and transition[ing]" its finance team. *See id.* ¶ 70.

- *Statements regarding Ubiquiti's business model are not actionable*. Plaintiff does not allege that there was anything false about Ubiquiti's representations regarding its "disruptive business model" and, in any event, the statements constitute inactionable puffery. *See Schaffer v. Horizon Pharma PLC*, 2018 WL 481883, at *9 (S.D.N.Y. Jan. 18, 2018) (statements "extolling [a] 'unique commercial business model'" were not false and constituted inactionable puffery).

- *Statements regarding Ubiquiti's User Community are not actionable*. Plaintiff also fails to allege actionable misstatements regarding the User Community. Rather than plead scienter, the Complaint relies on Ubiquiti's subsequent disclosure of the error as retrospective proof of fraud. *See Panther Partners, Inc. v. Ikanos Commc'ns Inc.*, 538 F. Supp. 2d 662, 672 (S.D.N.Y. 2008) (dismissing claims pled "by hindsight"). Nor has Plaintiff adequately alleged that the number of registered users in Ubiquiti's online forum was material to investors.

- *Statements regarding Ubiquiti's financial forecast are not actionable*. Ubiquiti's 2018

---

[2] Allegations, such as these, that are attributed to a confidential witness, are inherently suspect. *See In re MRU Holdings Sec. Litig.*, 769 F. Supp. 2d 500, 516–17 (S.D.N.Y. 2011).

Simpson Thacher & Bartlett LLP

Jeremy A. Lieberman, Esq. -3- February 22, 2019

financial forecasts are protected under the PSLRA as forward-looking statements made in good faith and accompanied by meaningful cautionary language. *See* 15 U.S.C. § 78u-5(c)(1).

- *No actionable omissions.* The Complaint fails to allege a duty to disclose. *See Levitt v. J.P. Morgan Sec., Inc.*, 710 F.3d 454, 465 (2d Cir. 2013). Companies are not obligated to disclose the likelihood of an SEC investigation. *See In re Lions Gate Entm't Corp. Sec. Litig.*, 165 F. Supp. 3d 1, 12 (S.D.N.Y. 2016). And Plaintiff has not pled any reportable relationships with Streakwave during the putative class period.

- *Post-Citron claims are not actionable.* Finally, Plaintiff alleges that Defendants are liable for perpetuating "Ubiquiti's false narrative of the Company's performance" after the Citron Report. CAC ¶¶ 270–282. Plaintiff's claim rests on reactionary statements by Mr. Pera, none of which are alleged to be objectively false. *See id.* ¶¶ 273–74; *In re Keryx Biopharm. Sec. Litig.*, 2014 WL 585658, at *10, *12 (S.D.N.Y. Feb. 14, 2014) (dismissing statements that were not objectively false).

*Second*, Plaintiff improperly attributes all alleged misstatements to all Defendants. Only the "maker" of a statement can held liable. *See Janus Cap. Grp., Inc. v. First Deriv. Traders*, 564 U.S. 135, 142 (2011). Defendants cannot be liable for statements "made" before or after their tenure. Here, Mr. Foster is not liable for any misstatements after he left Ubiquiti in April 21, 2015. Mr. Spragg is not liable for any misstatements made before August 4, 2015 or after May 3, 2016. And Mr. Radigan is not liable for any misstatements made before May 3, 2016.

*Third*, the Complaint fails to plead a "strong inference" of scienter. *See ATSI Commc'ns v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007). Plaintiff alleges scienter through circumstantial evidence, relying on: (1) Defendants' managerial roles, (2) Defendants' signatures on SOX certifications, (3) stock sales by Messrs. Pera and Foster, and (4) Mr. Pera's use of his Ubiquiti stock as collateral. But corporate seniority does not establish scienter. *Bd. of Trs. of City of Ft. Lauderdale Gen. Emps.' Ret. Sys. v. Mechel OAO*, 811 F. Supp. 2d 853, 873 (S.D.N.Y. 2011). Authorship of a challenged disclosure does not impute knowledge. *Hutchinson v. Perez*, 2012 WL 5451258, at *6 (S.D.N.Y. Nov. 8, 2012). Insider stock sales do not support any inference of scienter where the sales were not "suspicious." *See City of Taylor Gen. Emps.' Ret. Sys. v. Magna Int'l Inc.*, 967 F. Supp. 2d 771, 798–99 (S.D.N.Y. 2011). And Mr. Pera's use of Ubiquiti stock as collateral, *months after* Ubiquiti disclosed the SEC investigation, is not probative of intent.

*Fourth*, the Complaint does not adequately allege loss causation. When loss causation is predicated on a corrective disclosure, that disclosure must "reveal some then-undisclosed fact with regard to the specific misrepresentations alleged . . . ." *In re Omnicom Grp., Inc. Sec. Litig.*, 597 F.3d 501, 511 (2d Cir. 2010). Plaintiff alleges that Ubiquiti's stock price dropped after the Company disclosed receipt of a subpoena from the SEC. But, according to Plaintiff, the "SEC was investigating the very topics that the Citron Report raised," (CAC ¶ 22), and therefore Plaintiff cannot rely on Ubiquiti's disclosure of the SEC subpoena to plead loss causation.

In light of the foregoing, Plaintiff has failed to plead violations of Section 10(b) or Rule 10b-5. Absent a predicate violation, Plaintiff's Section 20(a) claim fails as a matter of law. *See In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 441–42 (S.D.N.Y. 2001). This letter is sent without waiving any of Defendants' rights and remedies.

Simpson Thacher & Bartlett LLP

Jeremy A. Lieberman, Esq. -4- February 22, 2019

Very truly yours,

*Peter E. Kazanoff* (JLE)

Peter E. Kazanoff

cc: Hon. Victor Marrero

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by defendants.

**SO ORDERED.**

2-25-19
DATE                    VICTOR MARRERO, U.S.D.J.