# EXHIBIT A-1

EXHIBIT A-1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE UBIQUITI NETWORKS, INC. SECURITIES LITIGATION | Case No. 18-CV-01620 (VM) |
| THIS DOCUMENT RELATES TO: ALL CASES | CLASS ACTION |

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

Please be advised that your rights may be affected by the above-captioned securities class action (the "Litigation") pending in the United States District Court for the Southern District of New York (the "Court"), if, during the period between May 9, 2013 and February 19, 2018, both dates inclusive (the "Settlement Class Period"), you purchased or otherwise acquired Ubiquiti Common Stock or Ubiquiti Call Options or sold Ubiquiti Put Options and were allegedly damaged thereby.[1]

### *A federal court authorized this Notice. This is not attorney advertising.*

- The Court will hold a Settlement Hearing on _____, 2020 at _____ to decide whether to approve the Settlement.  If approved by the Court, the Settlement will provide $15,000,000 gross (the "Settlement Amount"), plus interest as it accrues, minus attorneys' fees, costs, a compensatory award to Lead Plaintiff and administrative expenses, net of any taxes on interest, to pay claims of investors who purchased Ubiquiti Securities during the Settlement Class Period.

- Based on Lead Plaintiff's damages expert's estimate of 23.6 million shares of Ubiquiti Common Stock purchased or acquired during the Settlement Class Period that may have been affected by the conduct alleged in the Litigation and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per eligible share of Ubiquiti Common Stock is $0.63. Options trading only accounted for approximately 1.5% of total dollar trading volume for Ubiquiti Securities during the Settlement Class Period. As such, claims for options transactions are allotted 1.5% of the Settlement pursuant to the Plan of Allocation. Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, which Ubiquiti Securities they purchased, when and at what prices they purchased/acquired or sold their Ubiquiti Securities, and the total number of valid Proof Claim and Release forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated December 2, 2019 (the "Stipulation"), which is available at www.ubiquitinetworkssecuritieslitigation.com.

forth herein (see pages 11-17 below) or such other plan of allocation as may be ordered by the Court.

- To claim your share of the Settlement, you must submit a valid Proof of Claim form by _____, 2020.

- Attorneys for Lead Plaintiff ("Lead Counsel") intend to ask the Court to award them fees of up to 33.33% percent of the Settlement Amount plus interest and reimbursement of up to $275,000 in litigation expenses. Since the Litigation's inception, Lead Counsel have expended considerable time and effort in this litigation on a contingent-fee basis and have advanced the expenses of the litigation in the expectation that if they were successful in obtaining a recovery for the Settlement Class, they would be paid from such recovery. Lead Counsel also intends to ask the Court to grant a compensatory award to Lead Plaintiff not to exceed $7,500. Collectively, the requested attorneys' fees, litigation expenses and compensatory award to Lead Plaintiff are estimated to average $0.22 per allegedly damaged Ubiquiti share. If approved by the Court, these amounts will be paid from the Settlement Fund.

- The estimated average recovery, after the deductions set forth in the preceding paragraph, is $0.41 per allegedly damaged Ubiquiti share. This estimate is based on the assumptions set forth in the preceding paragraphs. Your actual recovery, if any, will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold Ubiquiti Securities, the purchase and sales prices, and the total number and amount of claims filed.

- The Settlement resolves the Litigation concerning whether Ubiquiti, Robert Pera, Craig L. Foster, Mark Spragg, and Kevin Radigan (collectively, "Defendants") violated federal securities laws by allegedly making misrepresentations and/or omissions of material fact in public statements to the investing public concerning, *inter alia*: (i) the purported size of the Company's user community; (ii) the Company's internal controls; (iii) the Company's publicly reported accounts receivable figures; (iv) the Company's purported "disruptive business model"; (v) the Company's forecasts for the second quarter of fiscal 2018; (vi) related-party transactions; and (vii) an SEC investigation into the Company. Defendants have denied and continue to deny each, any, and all allegations of wrongdoing, fault, liability, or damage whatsoever asserted by Lead Plaintiff. Defendants have also denied, *inter alia*, the allegations that Lead Plaintiff or the Settlement Class have suffered damages or that Lead Plaintiff or the Settlement Class were harmed by the conduct alleged in the Litigation. Defendants continue to believe the claims asserted against them in the Litigation are without merit.

- The parties disagree on how much money, if any, could have been won if the investors won at trial in the Litigation.

- Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on this claim. Therefore, you should read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment from the Settlement. Proof of Claim forms must be postmarked or submitted online by _____, 20__ |

| | |
|---|---|
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against the Defendants or any other Released Persons about the legal claims that were or could have been asserted in this case. Requests for Exclusion must be received by ____, 20__ |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees, costs, and expenses. You will still be a member of the Settlement Class. Objections must be received by counsel by ____, 20__ |
| **GO TO THE HEARING** | Ask to speak in Court about the fairness of the Settlement. Requests to speak must be received by counsel by ____, 20__ |
| **DO NOTHING** | Get no payment. Give up your rights. |

## INQUIRIES

**Please do not contact the Court regarding this Notice.** All inquiries concerning this Notice, the Proof of Claim, or any other questions by Settlement Class Members should be directed to:

| | | |
|---|---|---|
| In re Ubiquiti Networks, Inc. Securities Litigation c/o JND Legal Administration PO Box 91335 Seattle, WA 98111 Telephone: (844) 924-0858 info@ubiquitinetworkssecuritieslitigation.com | or | Jeremy A. Lieberman POMERANTZ LLP 600 Third Avenue, Floor 20 New York, New York 10016 Telephone: (212) 661-1100 Facsimile: (917) 463-1044 Email: jalieberman@pomlaw.com |

## BASIC INFORMATION CONCERNING THE SETTLEMENT

| 1. | **Why did I get this notice package?** |
|---|---|

You or someone in your family may have purchased or otherwise acquired Securities of Ubiquiti Networks, Inc, (n/k/a Ubiquiti Inc.) ("Ubiquiti" or the "Company") between May 9, 2013 and February 19, 2018, both dates inclusive (the "Settlement Class Period").

| 2. | **What is this settlement about?** |
|---|---|

This settlement resolves the case known as *In re Ubiquiti Networks, Inc. Securities Litigation*, Docket No. 1:18-cv-01620-VM (S.D.N.Y.). The Court in charge of the case is the United States District Court for the Southern District of New York. The Litigation involves allegations that Defendants violated provisions of the Securities Exchange Act of 1934 ("Exchange Act") by allegedly making misrepresentations and/or omissions of material fact in public statements to the investing public regarding: (i) the purported size of the Company's user community; (ii) the Company's internal controls; (iii) the Company's publicly reported accounts receivable figures; (iv) the Company's purported "disruptive business model"; (v) the Company's forecasts for the second quarter of fiscal 2018; (vi) related-party transactions; and (vii) an SEC investigation into the Company. The Consolidated Amended Complaint For Violations Of The Federal Securities

Laws (the "Complaint") alleges that the misstatements or omissions artificially inflated the price of Ubiquiti Securities, and that the share prices dropped in response to certain subsequent disclosures. Defendants have denied and continue to deny each, any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted in the Litigation. The Settlement shall in no event be construed as, or deemed to be evidence of, liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of Defendants or any of the Released Persons, or of any infirmity of any defense, or of any damages to the Plaintiff or any other Settlement Class Member. The Settlement resolves all of the claims in the Litigation, as well as certain other claims or potential claims, whether known or unknown.

| **3.      Why is this a class action?** |
| --- |

In a class action, one or more persons called plaintiffs sue on behalf of all persons who have similar claims. All of the persons with similar claims are referred to as a class. One court resolves the issues for all class members, except for those who exclude themselves from the class.

| **4.      Why is there a settlement?** |
| --- |

Lead Plaintiff and Defendants do not agree regarding the merits of Lead Plaintiff's allegations and Defendants' defenses with respect to liability or the average amount of damages per share, if any, that would be recoverable if Lead Plaintiff were to prevail at trial on each claim. The issues on which Lead Plaintiff and the Defendants disagree include: (1) whether the challenged statements were materially false or misleading or otherwise actionable under federal securities law; (2) whether Defendants had a duty to disclose the allegedly omitted information; (3) whether the Defendants acted with scienter; (4) whether the alleged disclosures were corrective disclosures; (5) the causes of the loss in the value of the securities; and (6) the amount of alleged damages, if any, that could be recovered at trial.

This matter has not gone to trial and the Court has not decided in favor of either Lead Plaintiff or Defendants. Instead, Lead Plaintiff and Defendants have agreed to settle the case. Lead Plaintiff and Lead Counsel believe the Settlement is best for all Settlement Class Members because of the risks associated with continued litigation and the nature of the defenses raised by the Defendants. Among the reasons that Lead Plaintiff and Lead Counsel believe the Settlement is fair is the fact that there is uncertainty about whether they will be able to prove that any challenged statement was false or misleading, that the alleged misstatements and omissions actually caused the Settlement Class any damages, and the amount of damages, if any.

Moreover, while litigation of this type is usually expensive, it appears that, even if Lead Plaintiff's allegations were found to be true, the total amount of damages to which Settlement Class Members would be entitled could be substantially reduced.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to determine if you are a Settlement Class Member.

| **5.      How do I know if I am part of the Settlement?** |
| --- |

The Settlement Class includes all persons or entities, except those who are excluded as described below, who purchased or otherwise acquired Ubiquiti Common Stock or Ubiquiti Call Options

or sold Ubiquiti Put Options between May 9, 2013 and February 19, 2018, both dates inclusive (the Settlement Class Period).

If one of your mutual funds owns Ubiquiti Securities, that alone does not make you a Settlement Class Member. Also, if you sold Ubiquiti Securities during the Settlement Class Period, that alone does not make you a Settlement Class Member. You are a Settlement Class Member only if you directly purchased or otherwise acquired Ubiquiti Common Stock or Ubiquiti Call Options or sold Ubiquiti Put Options during the Settlement Class Period. Contact your broker to see if you have made any of these transactions.

| 6. | **Are there exceptions to being included?** |
|---|---|

Yes. Excluded from the Settlement Class are (i) Defendants, all current and former directors and officers of Ubiquiti during the Settlement Class Period, and any family member, trust, company, entity or affiliate controlled or owned by any of the excluded persons and entities referenced above; (ii) Opt-Outs *i.e.*, those Persons who timely and validly request exclusion from the Settlement Class in accordance with the requirements set forth below; and (iii) Persons who have no compensable damages.

| 7. | **What if I am still not sure if l am included?** |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at 1-844-924-0858 or at info@ubiquitinetworkssecuritieslitigation.com or by visiting the website https://www.ubiquitinetworkssecuritieslitigation.com, or you can fill out and return the Proof of Claim form enclosed with this Notice package to see if you qualify.

### THE SETTLEMENT BENEFITS – WHAT YOU GET

| 8. | **What does the Settlement provide?** |
|---|---|

The proposed Settlement provides for Ubiquiti and/or Defendants' insurers to pay $15,000,000 into a settlement fund (the "Settlement Fund"). The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the Settlement Fund will be used to pay attorneys' fees with interest and reasonable litigation expenses to Lead Counsel, and a compensatory award to Lead Plaintiff. A portion of the Settlement Fund also will be used to pay taxes due on interest earned by the Settlement Fund, if necessary, and the costs of the claims administration, including the costs of printing and mailing this Notice and the costs of publishing notice. After the foregoing deductions from the Settlement Fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed to Settlement Class Members who submit timely, valid claims, according to the Plan of Allocation to be approved by the Court ("Authorized Claimants").

| 9. | **How much will my payment be?** |
|---|---|

Your share of the Net Settlement Fund will depend on several factors, including: (i) how many Ubiquiti Securities you purchased or sold during the Settlement Class Period, and the dates and prices of those purchases and sales; (ii) the number of timely and valid claims submitted by other Settlement Class Members, and the purchases and sales of Ubiquiti Securities represented by those claims; (iii) the amount of administrative costs, including the costs of notice; and (iv) the

amount awarded by the Court to Lead Counsel for attorneys' fees, costs, and expenses and a compensatory award to Lead Plaintiff.

The Claims Administrator will determine each Settlement Class Member's *pro rata* share of the Net Settlement Fund based upon each Settlement Class Member's valid "Recognized Loss." The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Settlement Class Members with valid claims. The Recognized Loss formula is not intended to be an estimate of the amount that a Settlement Class Member might have been able to recover after a trial; it also is not an estimate of the amount that will be paid to Settlement Class Members pursuant to the Settlement. You can calculate your Recognized Loss by following the instructions in the Plan of Allocation at page 11 of this Notice.

It is unlikely that you will get a payment for all of your Recognized Loss. After all Settlement Class Members have sent in their Proof of Claim forms, the payment you get will be a part of the Net Settlement Fund equal to your Recognized Loss divided by the total of everyone's Recognized Losses.

## HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM

| 10. | How can I get a payment? |
|-----|--------------------------|

To qualify for a payment, you must submit a Proof of Claim form. The Claims Administrator will process your claim and determine whether you are an Authorized Claimant.

A Proof of Claim form is enclosed with this Notice and may also be downloaded at https://www.ubiquitinetworkssecuritieslitigation.com. Read the instructions carefully, fill out the form, include all the documents that the form requests, sign it, and mail or submit it online so that it is postmarked or received no later than _____, 2020. The claim form may be submitted online at https://www.ubiquitinetworkssecuritieslitigation.com or mailed to:

In re Ubiquiti Networks, Inc. Securities Litigation
c/o JND Legal Administration
PO Box 91335
Seattle, WA 98111
Telephone: (844) 924-0858
info@ubiquitinetworkssecuritieslitigation.com

| 11. | When would I get my payment? |
|-----|------------------------------|

The Court will hold a Settlement Hearing on ____, 20__ at _____ to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals afterwards. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| 12. | What am I giving up to get a payment or to stay in the Settlement Class? |
|-----|--------------------------------------------------------------------------|

Unless you exclude yourself from the Settlement Class by the _____, 20__ deadline, you will remain a member of the Settlement Class and will be bound by the release of claims against

Defendants and other Released Persons if the Settlement is approved. That means you and all other Settlement Class Members and each of their respective present, former and future direct and indirect parent entities, associates, affiliates, subsidiaries, predecessors, successors, and the officers, directors, attorneys, assigns, legal representatives, and agents of each of them, each of their respective officers, directors, attorneys, legal representatives, and agents, and any person or entity which is or was related to or affiliated with any of them, and each of their immediate family members, heirs, representatives, administrators, executors, trustees, successors, assigns, devisees, legatees, and estates will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) as against Defendants and other Released Persons any and all claims which arise out of, are based upon or relate in any way to the purchase, acquisition, sale, or ownership of Ubiquiti Securities during the Settlement Class Period. It means that all of the Court's orders will apply to you and legally bind you. That means you will accept a share of the Net Settlement Fund as sole compensation for any losses you suffered in the purchase, acquisition, sale, or ownership of Ubiquiti Securities during the Settlement Class Period. The specific terms of the release are included in the Settlement Stipulation.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue Defendants or other Released Persons on your own about the claims being released in this Settlement, then you must take steps to remove yourself from the Settlement. This is called excluding yourself, or "opting out," from the Settlement.

| 13. | **How do I get out of the proposed Settlement?** |
|---|---|

To exclude yourself from the Settlement, you must mail a letter stating that you "request exclusion from the Settlement Class in the *In re Ubiquiti Networks, Inc. Securities Litigation*, Docket No. 1:18-cv-01620-VM (S.D.N.Y.)". To be valid, the letter must state (A) your name, address, telephone number, and e-mail address (if any); (B) the date, number of securities, and dollar amount of all purchases, acquisitions, sales, or dispositions of Ubiquiti Securities during the Settlement Class Period; and (C) the number of Ubiquiti Securities held by you as of February 19, 2018. In order to be valid, such request for exclusion must be submitted with documentary proof (i) of each purchase or acquisition and, if applicable, sale transaction of Ubiquiti Securities during the Settlement Class Period and (ii) demonstrating your status as a beneficial owner of the Ubiquiti Securities. Any request for exclusion must be signed and submitted by you, as the beneficial owner, under penalty of perjury. You must submit your exclusion request so that it is **received no later than _____, 20__ at**:

In re Ubiquiti Networks, Inc. Securities Litigation
c/o JND Legal Administration
PO Box 91335
Seattle, WA 98111
Telephone: (844) 924-0858

You cannot exclude yourself by telephone or by e-mail. If you properly exclude yourself, you will not receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by the judgment in this case.

| 14. | **If I do not exclude myself, can I sue the Defendants or the other Released Persons for the same thing later?** |
|---|---|

No. Unless you exclude yourself by following the instructions above, you give up any rights to sue the Defendants or the other Released Persons for the claims being released in this Settlement. If you have a pending lawsuit against the Released Persons or related to any Released Claims, speak to your lawyer in that case immediately, since you must exclude yourself from this Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is _____, 20__.

| 15. | **If I exclude myself, can I get money from the proposed Settlement?** |
|---|---|

No. If you exclude yourself, you may not send in a Proof of Claim to ask for any money.

## THE LAWYERS REPRESENTING YOU

| 16. | **Do I have a lawyer in this case?** |
|---|---|

The Court has appointed Pomerantz LLP as Lead Counsel to the Class, to represent you and the other Settlement Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense. Contact information for Pomerantz LLP is provided below.

| 17. | **How will the lawyers be paid?** |
|---|---|

Lead Counsel have expended considerable time litigating this Action on a contingent-fee basis and have paid for the expenses of the case themselves. They have not been paid attorneys' fees or reimbursed for their expenses in advance of this Settlement. Lead Counsel have done so with the expectation that, if they are successful in recovering money for the Settlement Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the Settlement Fund, as is customary in this type of litigation. Lead Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the Settlement Fund. Therefore, Lead Counsel will file a motion at the Settlement Hearing asking the Court for an award of attorneys' fees in an amount not greater than 33.33 percent of the Settlement Fund, equaling $5,000,000 plus interest, plus reimbursement of litigation expenses of no more than $275,000 and a compensatory award to Lead Plaintiff not to exceed $7,500. The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

| 18. | **How do I tell the Court that I object to the proposed Settlement?** |
|---|---|

If you are a Settlement Class Member, you can tell the Court you do not agree with the proposed Settlement, any part of the Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and expenses and application for a compensatory award to Lead Plaintiff. You can write to the Court setting out your objection. The Court will consider your views.

To object, you must send a signed letter saying that you object to the proposed Settlement in *In re Ubiquiti Networks, Inc. Securities Litigation*, Docket No. 1:18-cv-01620-VM (S.D.N.Y.). Be sure to include (1) your name, address, telephone number, and your signature; (2) the date(s),

price(s), and amount(s) of all Ubiquiti Securities that you purchased, otherwise acquired, sold, or otherwise disposed of during the Settlement Class Period, in order to show membership in the Settlement Class; (3) all grounds for the objection, including any legal support known to you or your counsel, (4) the name, address and telephone number of all counsel, if any, who represent you, including your former or current counsel who may be entitled to compensation in connection with the objection, and (5) the number of times you and/or your counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case.

If you object to either the Settlement or the requested reimbursement of expenses, you subject yourself to the jurisdiction of the District Court in this matter and consent to being deposed in your district of residence and producing in advance of a deposition any responsive documents to a discovery request prior to the Settlement Hearing.

Attendance at the Settlement Hearing is not necessary. Objectors wishing to be heard orally at the Settlement Hearing must indicate in their written objection that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing.

Be sure to mail or deliver copies of any objections, papers and briefs to **each** of the addresses listed below such that they are **received no later than ____, 20__:**

| Clerk of the Court | Lead Counsel | Counsel For Defendants |
|---|---|---|
| United States District Court | Jeremy A. Lieberman | Peter E. Kazanoff |
| Southern District of New York | POMERANTZ LLP | Nicholas S. Goldin |
| 500 Pearl Street | 600 Third Avenue, Floor 20 | SIMPSON THACHER & |
| New York, NY 10007 | New York, NY 10016 | BARTLETT LLP |
| | | 425 Lexington Avenue |
| | | New York, New York 10017 |

| 19. **What is the difference between objecting and excluding myself?** |
|---|

Objecting is simply telling the Court you do not like something about the Settlement or some portion thereof. You can object only if you stay in the Settlement Class. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class or the Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

### THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend, and you may ask to speak, but you do not have to.

| 20. **When and where will the Court decide whether to approve the proposed Settlement?** |
|---|

The Court will hold a Settlement Hearing on ____, 20__ at _____ at the United States District Court, 500 Pearl St., Courtroom ___, New York, NY, 10007.

At this hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court; whether an Order and Final Judgment as provided in the Settlement Stipulation should be entered; and whether the proposed Plan of Allocation should be approved. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. The Court may also decide how much should be awarded to Lead Counsel for attorneys' fees and expenses and a compensatory award to Lead Plaintiff for her service to the Settlement Class.

We do not know how long these decisions will take. You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Settlement Class Members. If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date and/or time has not changed.

| 21. | **Do I have to come to the hearing?** |
|---|---|

No. Lead Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 22. | **May I speak at the hearing?** |
|---|---|

If you object to the Settlement, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (see question 18 above) a statement that you "intend to appear in *In re Ubiquiti Networks, Inc. Securities Litigation*, Docket No. 1:18-cv-01620-VM (S.D.N.Y.)." Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees, costs, and expenses, and desire to present evidence at the Settlement Hearing, must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. You cannot speak at the hearing if you exclude yourself.

## IF YOU DO NOTHING

| 23. | **What happens if I do nothing at all?** |
|---|---|

If you do nothing, you will not receive a payment from the Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or the Released Persons about the Released Claims (as defined in the Settlement Stipulation) ever again.

## GETTING MORE INFORMATION

| 24. | **Are there more details about the proposed Settlement?** |
|---|---|

This Notice summarizes the proposed Settlement. More details are in the Stipulation of Settlement dated December 2, 2019 (the "Settlement Stipulation"). The Settlement Stipulation is the controlling document describing the proposed Settlement, and its terms govern anything to the contrary in this Notice. You can get a copy of the Settlement Stipulation and obtain answers to common questions regarding the proposed Settlement by visiting

https://www.ubiquitinetworkssecuritieslitigation.com or by contacting the Claims Administrator toll-free at 1-844-924-0858.

| 25. | How do I get more information? |
|---|---|

For even more detailed information concerning the matters involved in this Action, see the Settlement Stipulation, the pleadings in the Litigation, the papers filed in support of the Settlement, and the orders entered by the Court, which will be posted on the settlement website https://www.ubiquitinetworkssecuritieslitigation.com. For a fee, all papers filed in this Action are also available at www.pacer.gov.

### PROPOSED PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG SETTLEMENT CLASS

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged misstatements and omissions, as opposed to losses caused by market- or industry-wide factors, or company-specific factors unrelated to the alleged fraud. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the Recognized Loss formula described below.

A Recognized Loss will be calculated for each share of Ubiquiti Common Stock and Call Option purchased or otherwise acquired during the Settlement Class Period, and each Put Option sold during the Settlement Class Period. The calculation of Recognized Loss will depend upon several factors, including when the Ubiquiti Securities were purchased or otherwise acquired during the Settlement Class Period, and in what amounts, and whether those securities were sold, and if sold, when they were sold, and for what amounts. The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.

The Plan of Allocation was created with the assistance of a consulting damages expert and reflects the assumption that the price of Ubiquiti Common Stock was artificially inflated throughout the Settlement Class Period. The estimated alleged artificial inflation in the price of Ubiquiti Common Stock during the Settlement Class Period is reflected in Table 1 below. The computation of the estimated alleged artificial inflation in the price of Ubiquiti Common Stock during the Settlement Class Period is based on certain misrepresentations alleged by Lead Plaintiff and the price change in the stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Lead Plaintiff.

The U.S. federal securities laws allow investors to seek to recover losses caused by disclosures which corrected the defendants' previous misleading statements or omissions. Thus, in order to have recoverable damages, the corrective disclosure of the allegedly misrepresented information must be the cause of the decline in the price or value of the Ubiquiti Securities. In this Action, Lead Plaintiff alleges that Defendants made false statements and omitted material facts during

the Settlement Class Period, which had the purported effect of artificially inflating the prices of Ubiquiti Securities. Lead Plaintiff further alleges that corrective disclosures removed artificial inflation from the price of Ubiquiti Securities on September 18, 2017, February 8, 2018 and February 20, 2018 (the "Corrective Disclosure Dates"). Thus, in order for a Settlement Class Member to have a Recognized Loss under the Plan of Allocation, with respect to Common Stock and Call Options, the stock or call options must have been purchased or acquired during the Settlement Class Period and held through at least one of these disclosure dates, and, with respect to Put Options, those options must have been sold (written) during the Settlement Class Period and not closed prior to at least one of these disclosure dates.

| Table 1 Artificial Inflation in Ubiquiti Common Stock | | |
|---|---|---|
| **From** | **To** | **Per-Share Price Inflation**** |
| May 9, 2013 | September 17, 2017 | $32.09 |
| September 18, 2017 | February 7, 2018 | $27.62 |
| February 8, 2018 | February 19, 2018 | $18.49 |
| February 20, 2018 | Thereafter | $0.00 |

** Per-share price inflation shall not exceed the per-share purchase price for the stock.

In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss amount is calculated to be a negative number for a particular transaction, that Recognized Loss shall be set to zero. Any transactions in Ubiquiti Securities executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

With respect to shares of Ubiquiti Common Stock and Call and Put Options, a Recognized Loss will be calculated as set forth below for each purchase or acquisition of Ubiquiti Common Stock and Call Option contracts, and for each writing of Ubiquiti Put Option contracts during the Settlement Class Period, that is listed in the Claim and Release Form and for which adequate documentation is provided.

**Common Stock Recognized Loss Calculations**: For each share of Ubiquiti Common Stock purchased or otherwise acquired during the Settlement Class Period (*i.e.*, May 9, 2013 through February 19, 2018, inclusive), the Recognized Loss per share shall be calculated as follows:

i.   For each share of Ubiquiti Common Stock purchased during the period May 9, 2013 through September 17, 2017, inclusive,

    a.   that was sold prior to September 18, 2017, the Recognized Loss per share is $0.

    b.   that was sold during the period September 18, 2017 through February 7, 2018, inclusive, the Recognized Loss per share is *the lesser of*:

        i.   $4.47; or

        ii.   the purchase price *minus* $27.62

    c.      that was sold during the period February 8, 2018 through February 19, 2018, inclusive, the Recognized Loss per share is *the lesser of*:

        i.      $13.60; or

        ii.      the purchase price *minus* $18.49.

    d.      that was sold during the period February 20, 2018 and May 17, 2018, inclusive (*i.e.*, the 90-Day Lookback Period), the Recognized Loss per share is *the lesser of*:

        i.      *the lesser of* $32.09 and the purchase price; or

        ii.      the purchase price *minus* the "90-Day Lookback Value" on the date of sale as provided in Table 2 below.

    e.      that was sold or held after May 17, 2018, the Recognized Loss per share is the lesser of:

        i.      *the lesser of* $32.09 and the purchase price; or

        ii.      the purchase price *minus* the average closing price for Ubiquiti Common Stock during the 90-Day Lookback Period, which is $70.39.

ii.      For each share of Ubiquiti Common Stock purchased during the period September 18, 2017 through February 7, 2018, inclusive,

    a.      that was sold prior to February 8, 2018, the Recognized Loss per share is $0.

    b.      that was sold during the period February 8, 2018 through February 19, 2018, inclusive, the Recognized Loss per share is $9.13.

    c.      that was sold during the period February 20, 2018 and May 17, 2018, inclusive (*i.e.*, the 90-Day Lookback Period), the Recognized Loss per share is *the lesser of*:

        i.      $27.62; or

        ii.      the purchase price *minus* the "90-Day Lookback Value" on the date of sale as provided in Table 2 below.

    d.      that was sold or held after May 17, 2018, the Recognized Loss per share is the lesser of:

        i.      $27.62; or

    ii.      the purchase price *minus* the average closing price for Ubiquiti Common Stock during the 90-Day Lookback Period, which is $70.39.

iii.     For each share of Ubiquiti Common Stock purchased during the period February 8, 2018 through February 19, 2018, inclusive,

    a.     that was sold prior to February 20, 2018, the Recognized Loss per share is $0.

    b.     that was sold during the period February 20, 2018 and May 17, 2018, inclusive (*i.e.*, the 90-Day Lookback Period), the Recognized Loss per share is *the lesser of*:

        i.      $18.49; or

        ii.      the purchase price *minus* the "90-Day Lookback Value" on the date of sale as provided in Table 2 below.

    c.     that was sold or held after May 17, 2018, the Recognized Loss per share is the lesser of:

        i.      $18.49; or

        ii.      the purchase price *minus* the average closing price for Ubiquiti Common Stock during the 90-Day Lookback Period, which is $70.39.

iv.     For each share of Ubiquiti Common Stock purchased on or after February 20, 2018 the Recognized Loss per share is $0.

The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for Ubiquiti Common Stock. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on Ubiquiti Common Stock purchased during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and its average price during the 90-Day Lookback Period. The Recognized Loss on Ubiquiti Common Stock purchased during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and its rolling average price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

| Table 2 | | | | | |
|---|---|---|---|---|---|
| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
| 2/20/2018 | $55.28 | 3/21/2018 | $66.17 | 4/20/2018 | $68.37 |
| 2/21/2018 | $55.98 | 3/22/2018 | $66.34 | 4/23/2018 | $68.46 |
| 2/22/2018 | $56.19 | 3/23/2018 | $66.42 | 4/24/2018 | $68.52 |
| 2/23/2018 | $56.39 | 3/26/2018 | $66.57 | 4/25/2018 | $68.60 |
| 2/26/2018 | $56.97 | 3/27/2018 | $66.66 | 4/26/2018 | $68.67 |
| 2/27/2018 | $57.68 | 3/28/2018 | $66.70 | 4/27/2018 | $68.72 |
| 2/28/2018 | $58.52 | 3/29/2018 | $66.77 | 4/30/2018 | $68.78 |
| 3/1/2018 | $59.36 | 4/2/2018 | $66.85 | 5/1/2018 | $68.84 |
| 3/2/2018 | $60.25 | 4/3/2018 | $66.93 | 5/2/2018 | $68.90 |
| 3/5/2018 | $61.13 | 4/4/2018 | $67.04 | 5/3/2018 | $68.94 |
| 3/6/2018 | $61.93 | 4/5/2018 | $67.21 | 5/4/2018 | $69.01 |
| 3/7/2018 | $62.54 | 4/6/2018 | $67.31 | 5/7/2018 | $69.10 |
| 3/8/2018 | $63.14 | 4/9/2018 | $67.36 | 5/8/2018 | $69.18 |
| 3/9/2018 | $63.63 | 4/10/2018 | $67.42 | 5/9/2018 | $69.26 |
| 3/12/2018 | $64.04 | 4/11/2018 | $67.47 | 5/10/2018 | $69.47 |
| 3/13/2018 | $64.46 | 4/12/2018 | $67.57 | 5/11/2018 | $69.68 |
| 3/14/2018 | $64.78 | 4/13/2018 | $67.68 | 5/14/2018 | $69.86 |
| 3/15/2018 | $65.12 | 4/16/2018 | $67.77 | 5/15/2018 | $70.04 |
| 3/16/2018 | $65.44 | 4/17/2018 | $67.92 | 5/16/2018 | $70.21 |
| 3/19/2018 | $65.66 | 4/18/2018 | $68.07 | 5/17/2018 | $70.39 |
| 3/20/2018 | $65.96 | 4/19/2018 | $68.23 | | |

**Call Option Recognized Loss Calculations:**[2] For each Ubiquiti Call Option purchased or otherwise acquired during the Settlement Class Period, the Recognized Loss Amount per Call Option shall be calculated as follows:

  i.  For each Call Option not held at the opening of trading on at least one of the Corrective Disclosure Dates as defined above, the Recognized Loss Amount per Call Option is $0.00.

  ii.  For each Call Option held at the opening of trading on one or more of the Corrective Disclosure Dates as defined above,

---

[2] Exchange-traded options are traded in units called "contracts" which entitle the holder to buy (in the case of a call) or sell (in the case of a put) 100 shares of the underlying security, which in this case is Ubiquiti Common Stock.

    a.    that was subsequently sold during the Settlement Class Period, the Recognized Loss Amount per Call Option is the purchase price *minus* the sale price.

    b.    that was subsequently exercised during the Settlement Class Period, the Recognized Loss Amount per Call Option is the purchase price *minus* the intrinsic value of the option on the date of exercise, where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) the closing price of Ubiquiti Common Stock on the date of exercise *minus* the strike price of the option.

    c.    that expired unexercised during the Settlement Class Period, the Recognized Loss Amount per Call Option is equal to the purchase price.

    d.    that was still held as of February 20, 2018, the Recognized Loss Amount per Call Option is the purchase price *minus* the intrinsic value of the option as of the close of trading on February 20, 2018, where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) $55.28 *minus* the strike price of the option.

No Recognized Claim shall be calculated based upon purchase or acquisition of any Ubiquiti Call Option that had been previously sold or written.

**Put Option Recognized Loss Calculations:** For each Ubiquiti Put Option sold during the Settlement Class Period, the Recognized Loss Amount per Put Option shall be calculated as follows:

    i.    For each Put Option not open (*i.e.*, not outstanding) at the opening of trading on at least one of the Corrective Disclosure Dates as defined above, the Recognized Loss Amount per Put Option is $0.00.

    ii.    For each Put Option open (*i.e.*, outstanding) at the opening of trading on one or more of the Corrective Disclosure Dates as defined above,

        a.    that was subsequently purchased during the Settlement Class Period, the Recognized Loss Amount per Put Option is the purchase price *minus* the sale price.

        b.    that was subsequently exercised (*i.e.*, assigned) during the Settlement Class Period, the Recognized Loss Amount per Put Option is the intrinsic value of the Put Option on the date of exercise *minus* the sale price, where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) the strike price of the option *minus* the closing price of Ubiquiti Common Stock on the date of exercise.

        c.    that expired unexercised during the Settlement Class Period, the Recognized Loss Amount per Put Option $0.00.

        d.    that was still open (*i.e.*, outstanding) as of February 20, 2018, the Recognized Loss Amount per Put Option is the intrinsic value of the option as of the close of trading on February 20, 2018 *minus* the sale price, where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) the strike price of the option *minus* $55.28.

No Recognized Claim shall be calculated based upon the sale or writing of any Ubiquiti Put Option that had been previously purchased or acquired.

## INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible securities that participate in the Settlement, and when those securities were purchased and sold. The number of claimants who send in claims varies widely from case to case.

A purchase or sale of Ubiquiti Securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

Acquisition by Gift, Inheritance, or Operation of Law: If a Settlement Class Member acquired Ubiquiti Securities during the Settlement Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer. To the extent that Ubiquiti Securities were originally purchased prior to commencement of the Settlement Class Period, the Recognized Loss for that acquisition shall be deemed to be zero ($0.00).

Notwithstanding any of the above, receipt of Ubiquiti Securities during the Settlement Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of Ubiquiti Securities.

The first-in-first-out ("FIFO") basis will be applied to purchases and sales. Sales will be matched in chronological order, by trade date, first against Ubiquiti Securities held as of the close of trading on May 8, 2013 (the last day before the Settlement Class Period begins) and then against the purchases of Ubiquiti Securities during the Settlement Class Period.

The date of covering a "short sale" is deemed to be the date of purchase of securities. The date of a "short sale" is deemed to be the date of sale of securities. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a claimant has an opening short position in Ubiquiti Securities, the earliest Settlement Class Period purchases shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

Cumulative payments of all claims associated with Call Options and Put Options will be limited to 1.5% of the Net Settlement Fund. Thus, if the cumulative Recognized Loss amounts for Call and Put Option claims exceeds 1.5% of all Recognized Losses, then the Recognized Loss for Call and Put Option claims will be reduced proportionately until they collectively equal 1.5% of all Recognized Losses. In the unlikely event that the Net Settlement Fund, allocated as such, is sufficient to pay 100% of the Ubiquiti Common Stock claims, any excess amount will be used to pay the balance on the remaining Call and Put Option claims.

If a Settlement Class Member has "written" Call Options, thereby having a short position in the Call Options, the date of covering such a written position is deemed to be the date of purchase or acquisition of the Call Option. The date on which the Call Option was written is deemed to be the date of sale of the Call Option. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "written" Call Options is zero. In the event that a Claimant has an opening written position in Call Options, the earliest purchases or acquisitions of like Call

Options during the Settlement Class Period shall be matched against such opening written position, and not be entitled to a recovery, until that written position is fully covered.

If a Settlement Class Member has purchased or acquired Put Options, thereby having a long position in the Put Options, the date of purchase/acquisition is deemed to be the date of purchase/acquisition of the Put Option. The date on which the Put Option was sold, exercised, or expired is deemed to be the date of sale of the Put Option. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on purchased/acquired Put Options is zero. In the event that a Claimant has an opening long position in Put Options, the earliest sales or dispositions of like Put Options during the Settlement Class Period shall be matched against such opening position, and not be entitled to a recovery, until that long position is fully covered.

With respect to Ubiquiti Common Stock purchased through the exercise of a Ubiquiti Call or Put Option,[3] the purchase date of the Common Stock is the exercise date of the option and the purchase price is the closing price of Ubiquiti Common Stock on the exercise date. Any Recognized Loss arising from purchases of Ubiquiti Common Stock acquired during the Settlement Class Period through the exercise of an option on Ubiquiti Common Stock shall be computed as provided for other purchases of Ubiquiti Common Stock in the Plan of Allocation.

Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants. A Recognized Loss will be calculated as defined herein and cannot be less than zero. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants. No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

Settlement Class Members who do not submit acceptable Proofs of Claim will not share in the Settlement proceeds. The Settlement Stipulation and the Order and Final Judgment dismissing this Action will nevertheless bind Settlement Class Members who do not submit a request for exclusion or submit an acceptable Proof of Claim.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims-administration process, to decide the issue by submitting a written request.

Defendants, their respective counsel, and all other Released Persons will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Lead Plaintiff and Lead Counsel likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement

---

[3] Including (1) purchases of Ubiquiti Common Stock as the result of the exercise of a call option, and (2) purchases of Ubiquiti Common Stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

EXHIBIT A-1

Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of such funds will be used in the following fashion: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional settlement administration fees, costs, and expenses, including those of Lead Counsel as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.

### SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If, between May 9, 2013 and February 19, 2018, both dates inclusive, you purchased, otherwise acquired, or sold Ubiquiti Securities for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased such Ubiquiti Securities during such time period (you may be reimbursed from the Settlement Fund for reasonable costs to provide the names and addresses to the Claims Administrator, not to exceed $0.10 per name and address) or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within ten (10) days mail the Notice and Proof of Claim form directly to the beneficial owners of the Ubiquiti Securities (you may be reimbursed from the Settlement Fund of your reasonable out-of-pocket expenses, up to $0.70 per notice). If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications regarding the foregoing should be addressed to the Claims Administrator at the address listed on page 3 above.

DATED: _____   _____

BY ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF NEW YORK