UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE UBIQUITI NETWORKS, INC. SECURITIES LITIGATION | Case No. 18-CV-01620 (VM) |
| THIS DOCUMENT RELATES TO: ALL CASES | Exhibit A |

## ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/11/19
```

WHEREAS, an action is pending before this Court entitled *In re Ubiquiti Networks, Inc. Securities Litigation*, Docket No. 1:18-cv-01620-VM (S.D.N.Y.) (the "Litigation");

WHEREAS, (a) Lead Plaintiff Xiya Qian, on behalf of herself and the Settlement Class (defined below), and (b) defendant Ubiquiti Networks, Inc. (n/k/a Ubiquiti Inc.) ("Ubiquiti"), and defendants Robert Pera, Craig L. Foster, Mark Spragg, and Kevin Radigan (collectively, the "Individual Defendants"; and, together with Ubiquiti, the "Defendants"; and together with Lead Plaintiff, the "Settling Parties"), have determined to fully, finally and forever compromise, settle, release, resolve, relinquish, waive and discharge each and every Released Claim against each of the Defendants and Released Persons on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated December 2, 2019 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiff has made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for purposes of the Settlement only, and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiff's motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words and defined terms contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating

1

the proposed Settlement, a Settlement Class consisting of all persons or entities that purchased or otherwise acquired Ubiquiti Securities between May 9, 2013 and February 19, 2018, both dates inclusive (the "Settlement Class Period"). Excluded from the Settlement Class are Defendants; the present and former officers and directors of Ubiquiti and any subsidiary thereof, and the immediate family members, legal representatives, heirs, successors or assigns of such excluded persons and any entity in which any such excluded person has or had a controlling interest during the Settlement Class Period. Also excluded from the Settlement Class are all putative members of the Settlement Class who exclude themselves by filing a valid and timely request for exclusion.

  2. **Class Findings** – Solely for purposes of the proposed Settlement of this Litigation, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Litigation would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiff in the Litigation are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Litigation.

  3. The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff Xiya Qian is an adequate class representative and certifies her as Class Representative for the Settlement Class. The Court also appoints Lead Counsel as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.  **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.  **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on *March 27*, 2020 [a date that is at least 100 calendar days from the date of this Order], at *10:00* a.m. at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 15B, New York, NY 10007-1312, to determine: (i) whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (ii) whether a Judgment as defined in ¶ 1.13 of the Stipulation should be entered; (iii) whether the proposed Plan of Allocation is fair, reasonable, and adequate to the Settlement Class and should be approved; (iv) the amount of fees and expenses that should be awarded to Lead Counsel; (v) the compensatory award that should be granted to Lead Plaintiff; and (vi) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

6.  The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class. The Court reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of

3

Allocation, any application by counsel for Lead Plaintiff for an award of attorneys' fees and expenses, or any application by Lead Plaintiff for a compensatory award.

7. **Approval of Form and Content of Notice** - The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action ("Notice"), the Proof of Claim and Release form ("Proof of Claim"), and the Summary Notice annexed hereto as Exhibits A-1, A-2, and A-3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶ 8 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and are the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

8. **Retention of Claims Administrator and Manner of Giving Notice** - Lead Counsel are hereby authorized to retain the firm of JND Legal Administration ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

   a. Not later than _December 27_, 20_19_ [twenty one (21) calendar days after the Court signs and enters this Order] (the "Notice Date"), the Claims Administrator shall commence mailing the Notice and the Proof of Claim, substantially in the forms annexed hereto, by First-Class Mail to all potential Settlement Class Members who or which can be identified with reasonable effort, and to be posted on its website at www.ubiquitinetworkssecuritieslitigation.com

   b. Not later than fourteen (14) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of Investor's Business Daily and once over the GlobeNewswire; and

4

c.  At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

9.  **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

10. **Nominee Procedures** - Nominees who purchased or otherwise acquired Ubiquiti Securities for the beneficial ownership of Settlement Class Members during the Settlement Class Period shall send the Notice and the Proof of Claim to all such beneficial owners of Ubiquiti Securities within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners (and the nominees may be reimbursed from the Settlement Fund for reasonable costs to provide the names and addresses to the Claims Administrator, not to exceed $0.10 per name). Nominees or custodians who elect to send the Notice and Proof of Claim to their beneficial owners shall send a written certification to the Claims Administrator confirming that the mailing has been made as directed. Additional copies of the Notice and Proof of Claim shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners. The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners, up to $0.70 per beneficial owner notified, which expenses would not have been incurred except for the

sending of such notice, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

11. **Payment of the Settlement Fund** – On or before fifteen (15) business days after the later of: (i) entry of this Order, and (ii) provision to Defendants of all information necessary to effectuate a transfer of funds, Ubiquiti and/or Defendants' insurers shall cause Fifteen Million United States Dollars (US$15,000,000.00) in cash to be paid to the Escrow Agent pursuant to ¶ 2.1 of the Stipulation.

12. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Stipulation and/or further order(s) of the Court.

13. **Participation in the Settlement** - Settlement Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically no later than seven (7) calendar days after the date of the Settlement Hearing.  Any Settlement Class Member who does not timely submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by the provisions of the Stipulation, the releases contained therein, and the Judgment.  Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept late-submitted claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

14. All Settlement Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the Releases provided for therein, whether favorable or unfavorable to the Settlement Class, regardless of whether such Settlement Class Members submit Proofs of Claim or otherwise seek or obtain by any means any distribution from the Net Settlement Fund.

15. **Exclusion From the Settlement Class** - Any Person falling within the definition of the Settlement Class may, upon request, be excluded or "opt out" from the Settlement Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), by First-Class Mail, or hand-delivered such that it is postmarked no later than _March 6_, 20_20_ [twenty one (21) calendar days before the date of the Settlement Hearing]. A Request for Exclusion must be signed and state: (i) the name, address, and telephone number of the Person requesting exclusion; (ii) the Person's purchases, acquisitions, and sales of Ubiquiti Securities between May 9, 2013 and February 19, 2018, inclusive, including the dates, the number of Ubiquiti Securities purchased, acquired or sold, and price paid or received for each such purchase, acquisition or sale; and (iii) that the Person wishes to be excluded from the Settlement Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment. Unless otherwise ordered by the Court, any Person falling within the definition of the Settlement Class who fails to timely request exclusion from the Settlement Class in compliance with this paragraph shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class, and shall be barred from requesting exclusion from the Settlement Class in this or any other proceeding.

16. Lead Counsel shall cause to be provided to Defendants' counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, promptly upon receipt and as expeditiously as possible, and in any event not less than fourteen (14) calendar days prior to the Settlement Hearing.

17. **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who or which does not submit a Request for Exclusion from the Settlement Class may enter an appearance in the Litigation, at his, her or its own expense, individually or through counsel of his, her or its own choice. Any Settlement Class Members who or which does not enter an appearance will be represented by Lead Counsel.

18. Any Settlement Class Member may file a written objection to the proposed Settlement and show cause, if he, she, or it has any cause, why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded to counsel for the Lead Plaintiff, or why the compensatory award to Lead Plaintiff should or should not be approved; provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are sent to Pomerantz LLP, Jeremy A. Lieberman, 600 Third Avenue, 20th Floor, New York, New York 10016 and Simpson Thacher & Bartlett LLP, Peter E. Kazanoff, 425 Lexington Avenue, New York, New York 10017, postmarked or hand-delivered on or before _March 6_, 2020 [twenty one (21) calendar days before the date of the Settlement Hearing], and said objections, papers, and briefs are sent to the Clerk of the United States District Court for the Southern

District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312, postmarked on or before March 6 , 2020 [twenty one (21) calendar days before the date of the Settlement Hearing].

19. Any Settlement Class Member who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to counsel for Lead Plaintiff or a compensatory award to Lead Plaintiff, unless otherwise ordered by the Court. Attendance at the Settlement Hearing is not necessary. However, Persons wishing to be heard orally in opposition to approval of the Settlement, the Plan of Allocation, the award of attorneys' fees and expenses to counsel for Lead Plaintiff, and/or the award of a compensatory award to Lead Plaintiff are required to indicate in their written objection their intention to appear at the Settlement Hearing. Settlement Class Members do not need to appear at the Settlement Hearing or take any action if they do not oppose any aspect of the Settlement.

20. Any objections, filings, and other submissions by the objecting Settlement Class Member must: (i) state the name, address, and telephone number of the Person objecting and must be signed by the objector; (ii) contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; (iii) include documents sufficient to prove membership in the Settlement Class, including the objecting Settlement Class Member's purchases, acquisitions, and sales of Ubiquiti Securities during the Settlement Class Period, including the dates, the number of Ubiquiti Securities

9

purchased, acquired, or sold, and price paid or received for each such purchase, acquisition, or sale; and (iv) the number of times the Settlement Class Member or their counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case.

21. Lead Counsel and Defendants' counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

22. **Supporting Papers** – All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by counsel for Lead Plaintiff for attorneys' fees and expenses or by Lead Plaintiff for her expenses shall be filed and served by February 14, 2020 [thirty five (35) calendar days prior to the Settlement Hearing]. Replies to any objections shall be filed and served by March 20, 2020 [seven (7) calendar days before the Settlement Hearing].

23. The Plan of Allocation and any application by counsel for Lead Plaintiff for attorneys' fees or expenses or Lead Plaintiff for her compensatory award will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

24. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses should be approved.

25. **Use of this Order** – Neither this Order, nor the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed or offered as an admission or concession by the Defendants as to the validity of any claims or as to

10

the truth of any of the allegations in the Litigation, or in respect of any liability, fault, or wrongdoing of any kind.

26. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members and Defendants, and the Settling Parties shall revert to their respective pre-mediation positions in the Litigation, as provided in the Stipulation.

27. In the event the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, neither Lead Plaintiff nor any of her counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶¶ 2.5, 2.8, or 2.9 of the Stipulation.

28. **Stay and Temporary Injunction** – Unless otherwise ordered by the Court, all proceedings in the Litigation are stayed, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation or other agreement of the Settling Parties. Pending final determination of whether the proposed Settlement should be approved, neither Lead Plaintiff nor any Settlement Class Member, either directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

IT IS SO ORDERED.

DATED: _10 December 2019_

_____
THE HONORABLE VICTOR MARRERO
UNITED STATES DISTRICT JUDGE