## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE UBIQUITI NETWORKS, INC. SECURITIES LITIGATION | No.  1:18-cv-01620 (VM) |
| | Class Action |
| THIS DOCUMENT RELATES TO: ALL CASES | |

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF LEAD PLAINTIFF'S UNOPPOSED MOTIONS FOR (I) FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION AND (II) AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY AWARD

Lead Plaintiff Xiya Qian ("Lead Plaintiff"), individually and on behalf of all Settlement Class Members, respectfully submits this reply memorandum of law in in further support of Lead Plaintiff's Unopposed Motions for (i) Final Approval of Class Action Settlement and Plan of Allocation of Settlement Proceeds (the "Final Approval Motion," Dkt. Nos. 41-42) and (ii) Award of Attorneys' Fees, Reimbursement of Expenses, and Compensatory Award to Lead Plaintiff (Dkt. Nos. 43-44).[1]

## I. PRELIMINARY STATEMENT

Lead Plaintiff explained why the Court should grant final approval to the Settlement, Plan of Allocation, and Lead Plaintiff's and Lead Counsel's fee and expense requests in the opening Motions in support of the Settlement. (Dkt. Nos. 41-45). Lead Plaintiff submits this reply memorandum in further support of those Motions, to report on the results of the extensive Court-approved settlement notice program. After 195,132 Notice Packets were sent out to potential Settlement Class Members and nominees, there have been only five exclusion requests from potential Settlement Class Members. Additionally, ***not a single objection*** has been filed. As set forth below, the reaction of the Settlement Class strongly supports the proposed Settlement, Plan of Allocation, and award of attorneys' fees and reimbursement of expenses. Lead Plaintiff requests that the Court enter the [Proposed] Final Judgment Approving Class Action Settlement and Order of Dismissal with Prejudice that is submitted with this Reply.[2]

---

[1] Capitalized terms used herein that are not otherwise defined have the meanings set out in the Stipulation of Settlement, dated December 2, 2019 ("Stipulation," Dkt. No. 39-1), or in the Declaration of Jeremy A. Lieberman in Support of Lead Plaintiffs' (1) Unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation of Settlement Proceeds and (2) Unopposed Motion for Award of Attorneys' Fees, Reimbursement of Expenses, and Compensatory Award to Lead Plaintiff, dated February 14, 2020 (Dkt. No 45).

[2] The Settlement is conditioned on the occurrence of the entry of the [Proposed] Final Judgment Approving Class Action Settlement and Order of Dismissal with Prejudice. (*See* Stipulation

## II. THE REACTION OF THE SETTLEMENT CLASS STRONGLY SUPPORTS APPROVAL OF THE SETTLEMENT, THE PLAN OF ALLOCATION AND THE REQUESTED ATTORNEYS' FEES, LITIGATION EXPENSES, AND LEAD PLAINTIFF'S AWARD

In accordance with the Preliminary Approval Order (Dkt. No. 40), on December 27, 2019, the Court-appointed Claims Administrator, JND Legal Administration ("JND"), began mailing copies of the Notice of Proposed Settlement of Class Action (the "Notice") and Proof of Claim and Release Form (together, the "Notice Packet") to potential Settlement Class Members and their nominees.  (*See* Declaration of Jack Ewashko Regarding: (A) Mailing of the Notice Packet; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion and Objections Received to Date ("Ewashko Decl.," Dkt. No. 45-1) ¶¶ 2-12).  As of March 19, 2020, JND has disseminated a total of 195,132 Notice Packets to potential Settlement Class Members and nominees. (*See* Supplemental Declaration of Jack Ewashko Regarding: (A) Mailing of Notice Packet; and (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion and Objections Received to Date ("Supplemental Ewashko Decl.") ¶ 2, attached as Exhibit 2 to the Supplemental Declaration of Jeremy A. Lieberman (the "Supplemental Lieberman Decl.") filed herewith).  The Summary Notice was published once in the national edition of *Investor's Business Daily* on January 6, 2020 and once over the *GlobeNewswire* on January 10, 2020, and the Notice Packet, Stipulation, and Preliminary Approval Order, among other documents, were posted on the website specifically created for the Settlement.  (Ewashko Decl. ¶¶ 13, 15).  In addition, on February 14, 2020, Lead Plaintiff and Lead Counsel filed their opening papers in support of the Settlement, Plan of Allocation, and fee and expense requests. These Motions are supported by declarations of Lead Plaintiff, Lead Counsel, and the Claims

¶¶ 1.11, 3.1-2, 8.1).   This proposed Order is attached as Exhibit 1 to the Supplemental Declaration of Jeremy A. Lieberman that is filed herewith.

Administrator.  They are available on the public docket for this Action.  (Dkt. Nos. 41-45).

Both the Notice and Summary Notice (collectively, the "Notices") informed Settlement Class Members of the March 6, 2020 deadline to submit an objection to the Settlement, Plan of Allocation or fee and expense request, or to request exclusion from the Settlement Class. Specifically, the Notices informed Settlement Class Members who did not wish to participate in the Settlement, but wished to retain any causes of action against Defendants, that they could exclude themselves from the Settlement by following the procedures set forth in the Notice. (Ewashko Decl., Ex. A at 3, 7-8 and Ex. B).  The Notices also provided that Settlement Class Members could remain in the Settlement Class, and object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses.  The Notices stated that Settlement Class Members were required to send written notice of their objection to both the Court and to specified counsel for Lead Plaintiff and Defendants, such that any objections were postmarked or hand-delivered no later than March 6, 2020, in order to be able to appear and object to the Settlement. (Ewashko Decl., Ex. A at 3, 9 and Ex. B).

Following this extensive notice process, no objections and only five requests for exclusion have been received from individuals identifying themselves as potential Settlement Class Members.  (*See* Supplemental Ewashko Decl. ¶¶ 5-8).[3]  The requests for exclusion include total purchases of only 1,407 Ubiquiti shares, or less than 0.01 percent of the approximately 23.6

---

[3] One of these five requests for exclusion did not provide the information required by the Preliminary Approval Order and the Notice because it failed to state the number of Ubiquiti shares acquired and/or sold during the Settlement Class Period.  (*See* Supplemental Ewashko Decl. at Ex. A). It is therefore not possible to determine whether the individual requesting exclusion would have otherwise been part of the Settlement Class. *Id.*

million shares estimated to have been affected by the alleged fraud—an exceedingly small percentage.  (*See* Ewashko Decl., Ex. A (Notice) at 1).

Lead Plaintiff and Lead Counsel respectfully submit that the lack of any objections and the extremely small number of requests for exclusion support a finding that the Settlement is fair, reasonable, and adequate.  Indeed, "the favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in [the] *Grinnell* inquiry." *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 119 (2d Cir. 2005).  As one court in this District recently explained, where, as here, there are no objections and "minimal requests for exclusion" to a securities class action settlement, "Class members' favorable reaction to the settlement 'is perhaps the ***most significant factor*** in [the] *Grinnell* inquiry.'" *Woburn Ret. Sys. v. Salix Pharm., Ltd*., No. 14-CV-8925 (KMW), 2017 U.S. Dist. LEXIS 132515, at *7 (S.D.N.Y. Aug. 18, 2017) (emphasis added) (quoting *Wal-Mart,* 396 F.3d at 119); *see also City of Providence v. Aéropostale, Inc.*, No. 11 Civ. 7132 (CM) (GWG), 2014 U.S. Dist. LEXIS 64517, at *17 (S.D.N.Y. May 9, 2014) (holding that the fact that "almost no Class Member objected to the Settlement or chose to exclude himself from it is indeed the strongest indication that the Settlement is fair and reasonable"), *aff'd sub nom. Arbuthnot v. Pierson,* 607 F. App'x 73 (2d Cir. 2015).

Indeed, courts regularly grant final approval to securities class action settlements based on this consideration.  *See D'Amato v. Deutsche Bank*, 236 F.3d 78, 86-87 (2d Cir. 2001) (holding that "[t]he District Court properly concluded that this small number of objections [18 objections to, and 72 requests for exclusion from, settlement with 27,883 class notices sent] weighed in favor of the settlement"); *In re Bear Stearns Cos. Sec., Derivative & ERISA Litig.*, 909 F. Supp. 2d 259, 266-67 (S.D.N.Y. 2012) (holding that "[g]iven the absence of significant

exclusion or objection—the rate of exclusion is 5.1% and the rate of objection is less than 1%—
this factor weighs strongly in favor of approval"); *Precision Assocs. v. Panalpina World Transp.,
Ltd.*, No. 08-cv-42 (JG) (VVP), 2013 U.S. Dist. LEXIS 121795, at *38-39 (E.D.N.Y. Aug. 27,
2013) (approving settlement where only two class members out of hundreds of thousands
objected and 183 opted out); *In re Global Crossing Sec. & ERISA Litig*., 225 F.R.D. 436, 457-58
(S.D.N.Y. 2004) (six objections out of a class of approximately one million was "vanishingly
small" and "constitutes a ringing endorsement of the settlement by class members"); *see also*
Lead Plaintiff's Memorandum of Law in Support of Final Approval (Dkt. No. 42) at 12-13.

The reaction of the Class here is particularly important because of its overwhelmingly
favorable response, where there are ***no*** objections and only minimal requests for exclusion.  *See
Guevoura Fund Ltd. v. Sillerman*, No. 1:15-cv-07192-CM, 2019 U.S. Dist. LEXIS 218116, at
*21 (S.D.N.Y. Dec. 18, 2019) (holding that "[t]he absence of negative feedback from Class
Members evidences an overall favorable response of the Class Members to the Settlement" and
"strongly supports approval of the Settlement"); *In re Veeco Instruments Sec. Litig.*, No. 05
MDL 01695 (CM), 2007 U.S. Dist. LEXIS 85629, at *40 (S.D.N.Y. Nov. 7, 2007) (noting that
"not one class member has objected"); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, No. 02-CV-
3400 (CM) (PED), 2010 U.S. Dist. LEXIS 119702, at *46 (S.D.N.Y. Nov. 5, 2010) ("The
absence of objections to the Settlement supports the inference that it is fair, reasonable and
adequate.").

Similarly, the reaction of the Settlement Class with respect to Lead Counsel's motion for
an award of attorneys' fees and reimbursement of litigation expenses is "entitled to great weight
by the Court."  *Maley v. Del Glob. Techs. Corp.*, 186 F. Supp. 2d 358, 374 (S.D.N.Y. 2002).
The absence of any objections to the request for an award of attorneys' fees and expenses

evinces strong support for the effort and results achieved by counsel and supports a finding that the requested fees and expenses are reasonable under the circumstances of this litigation. *See, e.g.*, *id.* (holding that the "overwhelmingly positive response by the Class," where there were no "objection[s] to the fee request or the expense reimbursement sought," supports "the approval of the Class with respect to the Settlement and the fee and expense application"); *Silverstein v. AllianceBernstein L.P.*, No. 09-CV-5904 (JPO), 2013 U.S. Dist. LEXIS 179734, at *25 (S.D.N.Y. Dec. 20, 2013) (holding that the lack of any objections "also provides support for Class Counsel's fee request"); *In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 985 F. Supp. 410, 416 (S.D.N.Y. 1997) (explaining that in "determining the reasonableness of a requested fee, numerous courts have recognized that the lack of objection from members of the class is one of the most important reasons" considered in approving a fee request (internal quotation marks omitted)). This factor therefore further supports the conclusion that Lead Counsel's requested fees and expenses are fair and reasonable and should be approved.

Finally, the lack of any objections to Lead Plaintiff's requests for reimbursement of her reasonable time and expenses incurred in prosecuting this action also demonstrates that this request is reasonable. *See In re Advanced Battery Techs., Inc. Sec. Litig.*, 298 F.R.D. 171, 176-77, 183-84 (S.D.N.Y. 2014) (awarding lead plaintiff costs and expenses, including lost wages, where no class members objected); *Patel v. Axesstel, Inc.*, No. 3:14-CV-1037-CAB-BGS, 2015 U.S. Dist. LEXIS 146949, at *21-22 (S.D. Cal. Oct. 23, 2015) (holding lead plaintiff's award was reasonable based on his time spent on the matter "and the lack of any objection from the class members").

In sum, the Settlement Class Members' emphatically positive reaction strongly favors final approval of the Settlement, Plan of Allocation, and Lead Plaintiff's and Lead Counsel's requests for attorneys' fees and expenses. The Settlement, Plan of Allocation, and requests for

6

fees and expenses should also be approved for the reasons that Lead Plaintiff and Lead Counsel explained in their opening papers in support of the Settlement, Plan of Allocation, and fee and expense requests.  (Dkt. Nos. 41-45).

## III.  CONCLUSION

For the foregoing reasons, Lead Plaintiff respectfully submits that: (1) the Settlement and the Plan of Allocation are fair, reasonable, and adequate; (2) the Final Approval Motion should be granted in full; (3) the Court should approve Lead Counsel's application for an award of attorneys' fees of 33.33% of the Settlement Fund (or $5,000,000.00) and reimbursement of $91,267.89 in expenses, plus interest; (4) the Court should approve Lead Plaintiff's requests for a compensatory award of $5,000; and (5) the Court should enter the [Proposed] Final Judgment Approving Class Action Settlement and Order of Dismissal with Prejudice.

Dated:  March 20, 2020                                  **POMERANTZ LLP**

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
Michael Grunfeld
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone:  (212) 661-1100
Facsimile:  (917) 463-1044
Email: jalieberman@pomlaw.com
       mgrunfeld@pomlaw.com

*Lead Counsel for Lead Plaintiff Xiya Qian and
the Settlement Class*

**BRONSTEIN, GEWIRTZ
& GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
(212) 697-6484
peretz@bgandg.com

*Additional Counsel*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 20, 2020, a copy of the foregoing was filed electronically via the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
