**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE UBIQUITI NETWORKS, INC. SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO: ALL CASES | No.  1:18-cv-01620 (VM)<br><br>Class Action |

**MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFF'S MOTION**
**TO DISTRIBUTE THE SETTLEMENT FUND**

Lead Plaintiff Xiya Qian ("Lead Plaintiff"), on behalf of herself and the Settlement Class, submit this memorandum of law in support of her Motion for an Order for Final Distribution of the Settlement Fund.[1]

Based on the analysis prepared by JND Legal Administration ("JND"), the Court-appointed Claims Administrator in this action, Claimants have submitted 2,227 valid and properly documented proofs of claims, representing Recognized Losses of $34,822,957.20.[2] Thus, the $15,000,000 recovery in this action represents a gross recovery of approximately 43%[3] and a net recovery of approximately 26%[4] of total recognized claims filed in this matter, which is an extraordinarily high percentage relative to the average recovery in securities fraud class actions.

Lead Plaintiff now seeks to distribute a Net Settlement Fund totaling $9,153,612.32[5] to the Authorized Claimants on a *pro rata* basis. Lead Plaintiff also seeks an Order approving the donation of any remaining funds post distribution to the Institute for Law and Economic Policy.

For the reasons set forth in detail below, this proposed distribution is appropriate and should be approved.

---

[1] Unless otherwise indicated, all capitalized terms herein have the same meanings as set forth in the Stipulation of Settlement dated December 2, 2019 (Dkt. No. 39-1, "Stipulation").

[2] The 2,227 valid claims includes 2,171 timely filed valid claims and 56 late but otherwise valid claims. *See* Declaration of Luiggy Segura in Support of Lead Plaintiff's Motion for Approval of Distribution Plan ("Segura Decl."), submitted herewith, ¶¶ 45-46. An additional 60,318 claims were rejected. *Id.* ¶ 47.

[3] The $15,000,000 Settlement amount divided by $34,822,957.20 of Recognized Claims.

[4] The net recovery represents the total amount available for distribution to valid claimants of $9,153,612.32 (see below) divided by total recognized claims of $34,822,957.20.

[5] This represents the Settlement amount of $15,000,000, plus interest of $35,699.17, less the following: legal fees and expenses, plus interest, of $5,102,403.81; payment to the Lead Plaintiff of $5,000; and administrative fees and expenses ("Administrative Costs") of $774,683.04, $524,683.04 of which is still outstanding for work already completed.

## BACKGROUND

By Final Judgment Approving Class Action Settlement and Order of Dismissal With Prejudice dated March 27, 2020 (Dkt. No. 49, the "Final Order"), the Court approved the $15,000,000 settlement as fair, reasonable, and adequate and directed the parties to consummate the Stipulation in accordance with its terms and provisions.

The Net Settlement Fund available for distribution is $9,153,612.32 and reflects payment of prior-awarded attorney's fees, payment of Lead Plaintiff's compensatory award, and payment of Administrative Costs.

## CLAIMS ADMINISTRATION

By the Court's Order Preliminarily Approving Settlement and Providing for Notice filed December 11, 2019 (Dkt. No. 40, "Preliminary Approval Order"), Settlement Class Members wishing to participate in the Settlement were required to submit Proofs of Claim by mail postmarked, or submitted electronically, no later than April 3, 2020. As a result of a very effective notice program, JND has received 62,545 Proofs of Claim through July 15, 2020. *See* Segura Decl. ¶ 8. JND recommends that any claim after July 15, 2020 be barred on grounds of lack of timeliness.

As demonstrated in the Segura Declaration, JND received and reviewed these claims and, to the extent that a claim was deficient in any regard, JND notified Claimants of the deficiencies and advised them regarding potential cures. *Id.* ¶¶ 11-38. JND recommends rejection of 60,318 claims either because the claim did not result in a recognized loss (46,836), the claim did not fit the definition of the class (11,681), the claim was deficient and never cured (1,788), the claim duplicated another claim (6), or the claim was withdrawn (7). *Id.* at ¶ 47 and Exhibit E thereto.

As explained in the Segura Declaration, after JND followed-up with the 11 Claimants that requested further review of JND's rejection of their claims, only one Claimant continued to request that the Court review their claim, Claim DUCNV-QX9HK. JND explains in the Segura Declaration that all of the six purchase transactions involved in this Claim (totaling 376 shares of Ubiquiti common stock) occurred between February 12, 2014 and September 16, 2014. This Claim did not have a Recognized Loss under the Plan of Allocation that was provided in the Notice of Proposed Settlement of Class Action. Under the Plan of Allocation, "[f]or each share of Ubiquiti Common Stock purchased during the period May 9, 2013 through September 17, 2017, inclusive… that was sold prior to September 18, 2017, the Recognized Loss per share is $0." After JND followed-up with this Claimant to explain why this Claim was not eligible to participate in the recovery of this Settlement, the Claimant restated his request for Court review. JND recommends that this Claim (DUCNV-QX9HK) be rejected because the Claim did not have a Recognized Loss under the Court-approved Plan of Allocation. Segura Decl. ¶ 36.

Lead Plaintiff therefore respectfully requests that the Court approve JND's recommendations on accepting and rejecting claims as set forth herein.

## THE CLAIMS ADMINISTRATOR'S FEES AND EXPENSES

JND was responsible for mailing Class Notices, maintaining a website and Claimant call hotline, processing claims, preparing tax returns for the Settlement Fund, and is responsible for distributing the Net Settlement Fund to accepted Claimants.  JND's total fees and expenses for this matter through this date are $774,683.04.  *Id.* at ¶ 49 and Exhibit F thereto.  To date, JND has been reimbursed $250,000 from the Notice Administration Fund. JND respectfully requests payment of an additional $524,683.04 for work already done, to satisfy all administration fees and expenses.

**DISTRIBUTION OF NET SETTLEMENT FUND**

Lead Plaintiff respectfully requests that the Court enter an order directing and authorizing distribution of the balance of the Settlement Fund plus interest accrued thereon, after deduction of fees and expenses previously awarded and requested herein and any taxes owing (the "Net Settlement Fund"), totaling $9,153,612.32, to the Settlement Class Members whose claims have been accepted, as set forth on the list of accepted claims submitted with the Segura Declaration, in proportion to their Recognized Claims as shown therein. Segura Decl. Exs. C-D.

In order to allow the full and final distribution of the Net Settlement Fund, it is necessary to bar any further claims against the Net Settlement Fund and to provide that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein or otherwise involved in the administration or taxation be released and discharged from any and all claims arising out of such involvement. Accordingly, Lead Plaintiff respectfully requests that the Court bar any further claims against the Net Settlement Fund filed after July 15, 2020, and release and discharge from any and all claims beyond the amount allocated to them arising out of the claims administration, all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein or otherwise involved in the administration of the Net Settlement Fund.

If, no earlier than six (6) months from the date of the Initial Distribution (as that term is defined in Paragraph 50(a) of the Segura Declaration), there is any unclaimed, residual balance in the Net Settlement Fund after the Initial Distribution, after paying any amounts mistakenly omitted from the initial disbursement, and after deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, the residual balance, if any, will be redistributed to all Claimants who have cashed their checks from the Initial Distribution

and whose proportionate share of the remaining Net Settlement Fund is $10.00 or more. Additional distributions, after deduction of costs and expenses as described in this paragraph, and subject to the same conditions, may occur thereafter in 6-month intervals until Lead Counsel, in consultation with JND, determines that further distribution is not cost-effective. Thereafter, if any sums remain unclaimed and the unclaimed amount is not sufficiently large enough to warrant further distribution, as described in the Segura Declaration, Lead Plaintiff requests that the balance be paid to the Institute for Law and Economic Policy.

## CONCLUSION

Plaintiffs respectfully request that this Court grant their Motion for an Order to Distribute the Net Settlement Fund.

Dated:  November 24, 2020          **POMERANTZ LLP**

*/s/ Michael Grunfeld*
Jeremy A. Lieberman
Michael Grunfeld
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone:  (212) 661-1100
Facsimile:  (917) 463-1044
Email: jalieberman@pomlaw.com
           mgrunfeld@pomlaw.com

*Lead Counsel for Lead Plaintiff Xiya Qian and the Settlement Class*

**BRONSTEIN, GEWIRTZ
& GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
(212) 697-6484
peretz@bgandg.com

*Additional Counsel*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 24, a copy of the foregoing was filed electronically via the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.

*/s/ Michael Grunfeld*
Michael Grunfeld
